[No. 2,589.]

## ALBERT E. CRANE v. DANIEL M. SALMON.

QUITCLAIM DEED OF SPANISH GRANT.—A quitclaim deed of a Spanish grant, executed by the grantee before he receives a patent from the United States, conveys to the purchaser the title, and the patent afterwards inures to his benefit.

APPEAL from the District Court, Third Judicial District, County of Alameda.

Action in ejectment, and judgment for plaintiff. Defendant moved for a new trial. The Court denied the motion, and defendant appealed from the judgment and from the order of the Court denying the motion for a new trial.

The other facts are stated in the opinion.

*E. A. Lawrence,* for Appellant.

First—Ejectment could be maintained upon strict title, as this is (the plaintiff•and his grantors never having been in possession) only by the patentees Alviso and Pacheco, or by those who were their grantors subsequent to the patent, which was issued February 21st, 1866. (*Emeric* v. *Penniman,* 26 Cal. 119; *Clark* v. *Lockwood,* 21 Cal. 222; *Salmon* v. *Simonds,* 30 Cal. 306; *Minturn* v. *Brower,* 24 Cal. 644; *Henderson* v. *Pointdexter,* 12 Wheat. 543.

Second—Plaintiff was not a grantee of Alviso or Pacheco *subsequent* to the patent, because he acquired his title by divers mesne conveyances *passing through Strode,* who acquired his title by deed of October 14th, 1852.

Third—Neither did plaintiff acquire the benefit of this after-acquired title of Pacheco's *by estoppel*—because the deed from Pacheco to Strode of October 14th, 1852, was a *quitclaim* deed—it is alleged merely to convey "all his (Pacheco's) interest in said rancho." It is also alleged that he (Pacheco) "*granted, bargained, and sold*" all his interest to Strode; but it is *not* alleged that he did so by a *grant, bargain, and sale deed,* or by a deed with covenants.

Fourth—The character of the other mesne conveyances, except the one from Pacheco to Strode, is not set forth, and the Court will not presume that they had. covenants translative of the after-acquired title of the patent.

Even if the title of Pacheco acquired by the patent inured

for the benefit of Strode by his deed, there is nothing to show that it inured to Strode's grantee or the plaintiff, because the character of their deeds is not set forth.

*A. M. Crane,* for Respondent.

The point of appellant resolves itself into the proposition that a conveyance of grant, bargain, and sale in fee simple by a Mexican grantee, made before the confirmation of the claim, does not convey the legal title. It is quite unnecessary to contend against this assumption, and it would be but a waste of time to argue that the authorities cited by appellant sustain no such proposition.

By the Court, CROCKETT, J.:

The description of the land, as contained in the complaint, findings, and judgment, is sufficiently certain to identify it, which is all that is necessary. It appears that the land in contest was granted by the Mexican Government to Pacheco and Alviso, and their title having been finally confirmed, a patent was duly issued to them in 1866. In 1852 Pacheco conveyed to Strode all his interest in the rancho, of which the land in controversy forms a part; and thereupon a deed of partition was executed between Strode and Alviso, whereby, as the Court finds, the premises in controversy were set apart to Strode, from whom the plaintiff deraigns title by regular mesne conveyances. The defendant shows no title, but claims: first, that by the partition deed the said premises, if they formed any part of the rancho, were set apart to Alviso, and not to Strode; and second, that, even though they were set apart to Strode, the legal title conveyed by the patent did not inure to his benefit, inasmuch as Pacheco conveyed to him only by quitclaim deed. On the first point it is sufficient to say that there is

CAL. REPS. XLI—9

evidence to support the finding to the effect that said premises are included in the patent, and by the partition deed were set apart to Strode.

The second point is not tenable. The patent, on its face, runs to Pacheco and Alviso, their heirs and assigns; and upon well settled rules of construction their prior vendees are their assignees of the title, in a legal sense. It is clear that the patent inured to the benefit of Strode, and of the plaintiff, as his successor in interest.

Judgment affirmed.

Mr. Justice SPRAGUE expressed no opinion.