[No. 4812.]

# T. S. STANWAY v. JOSE RUBIO AND JOSE MARIA VELASQUEZ

LOCATION OF SCHOOL LANDS.—A certificate of location of State school lands, in the hands of the person to whom it is issued, or his vendees, is *prima facie* evidence of legal title upon which they are entitled to recover in ejectment, as against one who does not show a better title.

CONVEYANCE OF SCHOOL LANDS.—If a person who has received a certificate of location of school lands, and has paid for the same, conveys all his right and title to the same, and to the school location of the same, the deed conveys all the right which the purchaser from the State has acquired by the certificate of location and the payment of the purchase-money.

CONVEYANCE OF LAND BY PURCHASE FROM THE STATE.—If an applicant for the purchase of school lands from the State, who has received a certificate of location or of purchase, while such certificates are by statute declared to be *prima facie* evidence of title, conveys all his interest in the lands described in the certificate, the conveyance vests in the grantee all the right which the grantor may afterwards acquire from the State by virtue of a patent issued to him.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

Ejectment to recover a tract of five acres of land in the southwest corner of the east half of section nine, township two south, range thirteen west, San Bernardino meridian, and lying in the county of Los Angeles.

The State locating agent, on the 22d day of April, 1868, under the provisions of the act of 1863, located for Manuel Abril the east half of section nine, township two south, range thirteen west, San Bernardino meridian, taken in lieu of the east half of section sixteen, township one north, range five west, same meridian, and gave him a certificate of location. On the 22d day of December, 1871, the Surveyor-General of the State approved of the location, and directed the treasurer of Los Angeles County to receive twenty per cent. of the purchase-money and one year's interest in advance. On the 2d day of February, 1872, Abril paid one hundred and twelve dollars and seventy cents, being twenty per cent. of the purchase-money, and the first and second year's interest on the balance, and, on the 18th day of March, 1872, the Surveyor-General gave him a certificate of purchase. On the 17th day of January, 1873, Abril having paid for the land, the State issued a patent to him. Prior to the 9th of April, 1868, section nine had been occupied in severalty by several persons, who, on the day last named, entered into an agreement with Abril and one Dalton, by which Abril and Dalton were to purchase from the State, as lieu land, said section, and convey to each occupant his portion, according to the lines of his fences, upon being reimbursed for the money expended. It was in consequence of this agreement that Abril bought the land from the State. On the 3d day of February, 1872, and before he received

the certificate of purchase, Abril conveyed to R. M. Widney. This conveyance recited that the party of the first part had "granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said party of the second part, and to his heirs and assigns forever, all of that part of section nine, in township two south, range thirteen west, San Bernardino meridian, Los Angeles County, California, bounded east by lands sold to J. S. Slauson, and sold to Ransom M. Cruz, south by lands formerly owned by Agapito Zuniga, west by lands of George Dalton, north by lands of Jose Vialobo, containing seventy acres, more or less; also all right, title and claim to said section, and to the school location on the east half thereof, and certificate of purchase of the same, and all right to execute deeds to any portion of said tract to parties in possession at the date of said school location, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and also all estate, right, title, interest, right of school location, property, possession, claim and demand whatsoever, as well in law as in equity, of the said parties of the first part, of, in and to the said premises, and every part and parcel thereof, with the appurtenances."

It will be seen that the grantor intended to have Widney carry out the trust on which he held the land, by the clause, "And all right to execute deeds to any portion of said tract to parties in possession at the date of said school location." Widney executed the trust, and Mora, one of the *cestuis que trust*, received title from Widney. Mora then conveyed to the plaintiff, who thus became vested with whatever title Widney acquired.

The cause was referred to a referee to report the law and facts. The referee reported a judgment in favor of the defendants, and the court confirmed the report. The following, from the report of the referee, will show on what he based his opinion:

"Plaintiff claims that under the provisions of the thirty-

third section of the act relating to conveyances (Hittell, Sec. 675), any subsequently acquired title of Abril immediately passed to Widney, his grantee, and his assigns down to plaintiff. The conditions necessary to such result are that the deed made shall purport to convey the lands in fee simple absolute. Such, we think, is not the case with the deed under consideration. The covenants attaching to the words 'grant, bargain and sell,' as provided by section 693, Hittell, though constituting a covenant of non-claim, still operate only upon the estate granted, and when that is the right, title and interest of the grantor, instead of the land itself, the deed is a mere quitclaim of the interest of the grantor at the date of his conveyance, and does not estop the grantor from setting up an after-acquired title, nor does it cause an after-acquired interest of the grantor to feed the estoppel, and inure to the benefit of the grantee." (*Kimble* v. *Semple,* 25 Cal. 440; *Gee* v. *Moore,* 14 Cal. 472; *Morrison* v. *Wilson,* 30 Cal. 344.)

The plaintiff appealed.

*Curtis H. Lindley and Lindley & Thompson,* for Appellants.

This court has repeatedly decided that a patent issued on confirmation of a Mexican grant relates back to the filing of the petition for confirmation. To avoid the effect of these decisions, the referee holds that they were made on the ground that such grants were grants *in esse.* In such grants the lands were treated by our courts as belonging to the Government, subject to confirmation under treaty and congressional direction. If they were grants *in esse,* on principle, the patent should relate back to the date of the grant.

The position last assumed, independent of the statute referred to, meets the question on the broad ground of relation.

We assume, then, that when an inchoate right to public land is once established, and that right afterwards ripens into a legal or complete title, the law carries the date of the title back to the date of the inchoate right. (Rawle on

Covenants for Title, 450; *Van Rensselaer* v. *Kearney,* 11 How. 297; *Clark* v. *Baker,* 14 Cal. 629.)

*John D. Bicknell,* for the Respondents.

By the Court, RHODES, J.:

The deed of Abril to Widney conveys " all right, title, and claim to said section [section nine] and to the school location on the east half thereof, and certificate of purchase of the same,     *    *    *     and also all the estate, right, title, interest, right of school location, property, possession, claim, and demand whatsoever, as well in law as in equity, of the said parties of the first part, of, in, and to the said premises." Before the date of this deed—February 3, 1872— the north half of section nine had been located as lieu lands, in the name of Abril; the location had been approved by the proper officers, both of the United States and this State, and he had made payment for the land; but after the date of the deed, the certificate of purchase and patent were issued to him.

The act of April 13, 1859 (Stats. 1859, p. 227), provides that the certificate of purchase or of location, issued in pursuance of the laws of this State, "shall be deemed *prima facie* evidence of legal title in the holder of said certificate of purchase or location, or his assigns." The deed above mentioned transferred to Widney, the grantee, all the right, title and interest in the land which Abril had acquired by virtue of the certificate of location and the payment of the purchase-money, and made him in effect the assignee of the certificate of location; and the certificate of location in the hands of Widney, or his vendees, constitutes prima facie evidence of legal title, upon which they are entitled to recover as against one who does not show a better title.

We are also of the opinion that the deed of Abril to Widney transferred to the latter all the right, title and interest in the land which the former then had, or thereafter acquired by virtue of the certificate of purchase and patent issued by the State. Some of the words of the deed descriptive of the interest conveyed—" claim and demand whatsoever, as

well in law as in equity"—are of more significance than the
words of a quitclaim deed in the usual form; but without
relying particularly on those words, the effect of the deed
was to vest in Widney and his assigns all the title that passed
to Abril under the patent. In *Crane* v. *Salmon* (41 Cal. 63),
the grantee of the rancho executed a quitclaim deed before
the patent issued, and it was held that the patent inured to
the benefit of the vendee mentioned in the quitclaim deed.
This doctrine rests upon the proposition that the grantee of
the Mexican Government had the right to have his claim of
title confirmed, and have a patent or other evidence of title
issued, sufficient to convey to him all the title which the
Government held; and that the deed of the grantee con-
veyed such right to his vendee. That principle is applicable
in case of purchase from the State; and where the applicant
for the purchase, who has received a certificate of location
or purchase, while they are by law declared to be *prima
facie* evidence of title, conveys all his right, title and interest
in the lands described in such certificate, the conveyance
vests in the grantee all the rights which the grantor may
thereafter acquire by means of the proceedings for the pur-
chase of the lands from the State, including the patent; and
the legal title passing by virtue of the patent, vests in the
grantee and his heirs and assigns.

Judgment reversed, and cause remanded.

Wallace, C. J., concurring:

The conveyance made by Widney of his right, title, and
interest was operative under the circumstances to convey to
the grantee an estate of a legal, as contradistinguished from
a mere equitable character within the premises; for at the
date of the delivery of the deed Widney held the certificate
of location, which by the statute is itself evidence of a legal
title in the holder. The patent subsequently issued was
but another and the final assurance of the title which origi-
nated in the certificate of location, to which certificate the
proceedings, including the patent, must be held to relate.

I therefore concur that the judgment be reversed, and
cause remanded.