[No. 7,761.—Department Two.]
August 30, 1882.

## MONT BLANC CONSOLIDATED GRAVEL MINING COMPANY *v.* J. F. DEBOUR, ETC.

PARTIES—INTERVENTION—MINING CLAIM.—In an action brought under Section 2326 U. S. Revised Statutes, to determine the right of possession to a mining claim, those only who have filed claims to the land in the United States Land Office can properly be made parties to the action; and such parties only are entitled to intervene.

APPEAL by intervenors from an order denying a petition for intervention, and from a final judgment in the Superior Court of the County of Nevada.

*Geo. S. Hupp,* for Appellants.

*C. W. Cross,* for Respondent.

The COURT:

This is an appeal from an order denying the appellants' motion to file a complaint in intervention in the above-entitled action. The sole question in the case is whether said complaint in intervention states facts sufficient to entitle the parties in whose behalf it was sought to file it, to intervene in the action.

The plaintiff in the action alleges, among other things, that he is the owner and in possession of the mineral land in controversy; that the defendant claims an estate or interest therein adverse to the plaintiff, and that said defendant had, before the commencement of this action, filed an application in the United States Land Office for a patent to said land from the Government. The appellants admit that the defendant filed such an application, and that he did so with their knowledge and consent, and in pursuance of an agreement between the appellants and the defendant, that when he should obtain the patent so applied for, he would convey to them in fee the undivided one half of two certain lots of said mineral land.

The plaintiff in this action filed its adverse claim to said land, and commenced this action to have the question of the right of possession determined by a court of competent jurisdiction, as provided by Sections 2325 and 2326, U. S. Revised Statutes. It is not claimed that the appellants filed an application for a patent, or any opposition to the issuance of one to the defendant. We are of the opinion, that the action is one in which those only who had filed claims to the land in the United States Land Office could properly be made parties to the action, which was brought for the sole purpose of determining the rights of possession between such adverse claimants. The rights of none other were involved in the action. The only question involved was, whether the defendant was entitled to a patent.

In order to entitle themselves to become parties to this action, it was necessary for the appellants to apply to the United States Land Office for a patent, or to file an opposition to the application of some one else within the time prescribed by law for so doing. Neither of which did they do.

Order and judgment appealed from affirmed.