[No. 13370.    In Bank. — June 23, 1890.]

## THE PEOPLE, RESPONDENT, *v.* JAMES BLAKE, DEFENDANT, AND M. J. McDONALD, APPELLANT.

NOTICE TO VACATE JUDGMENT — LAPSE OF TIME — OMISSION OF PROOF OF SERVICE OF PROCESS — RECITAL IN JUDGMENT. — *People* v. *Harrison, ante,* p. 607, affirmed to the point that a judgment not void on its face, and containing a recital of due service of process, cannot be set aside on motion years after its rendition.

ID. — VACATING FORECLOSURE OF SCHOOL CERTIFICATE — MOTION BY SUCCESSOR IN INTEREST — FAILURE TO PROVE TITLE. — A motion to vacate a decree foreclosing the interest of the holder of a certificate of purchase of school-lands by one who claims to be successor in interest of the defendant will not be entertained if the moving party fails to prove his title as such successor.

ID. — DEED OF SCHOOL-LANDS BEFORE CERTIFICATE OF PURCHASE. — A deed of grant of school-lands, made five months before the certificate of purchase was issued, it not appearing that any payment had been made upon the land by the grantor, conveys no interest in the land, and will not support a motion by the grantee to vacate a judgment foreclosing the certificate of purchase against the grantor.

ID. — DEED OF GRANT MADE PRIOR TO CODE — AFTER-ACQUIRED TITLE. — A mere deed of grant of school-lands, made prior to the code, by a grantor having at the time of the grant no transferable interest in the land,

and not purporting to convey the same in fee-simple absolute, did not bind a title to such land afterwards acquired by the grantor from the state.

ID. — RECORD OF DEED — LAPSE OF TIME — PRESUMPTIONS UPON APPEAL. — When such motion is made sixteen years after the judgment of foreclosure, by one claiming under a deed made twenty years prior to the motion, and the motion is denied, and the moving party fails to make it appear in the transcript on appeal that his deed was recorded, the presumption is, that it was never recorded, and that the land may have been sold to other parties, who may have purchased in good faith, and may have improved and occupied it for many years.

APPEAL from an order of the Superior Court of Fresno County denying a motion to vacate a judgment.

The facts are stated in the opinion of Commissioner Belcher.

*Frederick S. Stratton,* for Appellant.

*R. B. Terry, W. D. Tupper,* and *Sayle & Coldwell,* for Respondent.

WORKS, J. — This case was heard in Department Two, and affirmed. A rehearing was granted. After further argument and consideration of the case, we adhere to the conclusion reached by the Department. (*People* v. *Harrison, ante,* p. 607, opinion this day filed.)

Order affirmed.

SHARPSTEIN, J., FOX, J., and McFARLAND, J., concurred.

The following is the opinion, above referred to, rendered on the 11th of January, 1890: —

BELCHER, C. C. — This action was commenced on the twenty-seventh day of July, 1872, to foreclose the interest of the defendant, Blake, in a certain half-section of school-land situate in the county of Fresno, and to annul the certificate of purchase therefor, issued to him on the twelfth day of February, 1869. Summons was issued and placed in the hands of the sheriff of the county,

and on the first day of August following was returned by him with his certificate "that after due diligence the therein-named defendant cannot be found within the county." An affidavit was then made by the district attorney, setting forth "that the name or residence of the holder of the certificate of purchase described in the above-entitled action is unknown to him; wherefore deponent asks that service of the summons in this action be had by publication," etc. Upon this affidavit an order was made by the county judge that the summons be served on the defendant by publication in a weekly newspaper published in the county, and "that such publication be made at least once a week for four successive weeks." The summons was published in the paper designated, as shown by the affidavit of one of its publishers, "four times, beginning with the seventh day of August, 1872, and ending with the twenty-eighth day of August, A. D. 1872." The defendant made no appearance, and on the sixteenth day of October, 1872, judgment, reciting that the defendant had been duly served with process according to law, was entered by default as prayed for.

The appellant, McDonald, on the twentieth day of July, 1888, made a motion to have this judgment vacated and set aside, on the ground that it was invalid and void, because when it was entered the court had not acquired jurisdiction of the person of the defendant. At the hearing of the motion, as stated in the bill of exceptions, "counsel for said McDonald produced a conveyance from defendant, Blake, to said McDonald, dated September 24, 1868, for the certificate of purchase and lands described in the complaint, and showed thereby that the said McDonald became, on said date, by grant, the successor in interest of defendant in and to said land and certificate."

1. The first question to be considered relates to the right of the appellant to contest the validity of the judg-

ment. It will be observed that the deed under which he asserts the right was executed nearly five months before the certificate of purchase was issued, and that there is nothing in the record tending to show that when it was executed Blake had made any application to purchase the land, or had made any payment therefor.

It is argued for appellant that a fee-simple title is presumed to pass by a grant of real property, and that the deed in question was a grant, and by operation of law any subsequently acquired title inured to the grantee. (Citing sections 1105 and 1106 of the Civil Code.) And it is claimed that, by virtue of the deed, appellant became the assignee of the subsequently issued certificate of purchase, and the owner of Blake's subsequently acquired equitable interest in the land.

When the deed was made, the codes had not been adopted. The statute then in force relating to conveyances (section 33) provided as follows:—

"If any person shall convey any real estate by conveyance purporting to convey the same in fee-simple absolute, and shall not, at the time of such conveyance, have the legal estate in such real estate, but shall afterward acquire the same, the legal estate subsequently acquired shall immediately pass to the grantee, and such conveyance shall be valid as if such legal estate had been in the grantor at the time of the conveyance."

In *Cadierque* v. *Duran*, 49. Cal. 356, it was held that a party who has only filed an application with the surveyor-general to purchase state land has acquired no right in the land which he can transfer to another.

In *Stanway* v. *Rubio*, 51 Cal. 41, a claim similar to that presented here was made, under the above-cited section of the statute. But in that case it appeared that the application to purchase the land had been made and approved, and twenty per cent of the purchase-money and the first and second year's interest on the balance had been paid, before the deed was executed. It was held

that the deed vested in the grantee the after-acquired title of the grantor, but the conclusion of the court seems to have depended upon and to have been controlled by the facts above stated.

In view of these authorities, we do not think appellant's claim can be upheld.

2. But however this may be, the case shows that the appellant took no steps to question the validity of the judgment for about sixteen years after it was rendered; and the record is silent as to whether or not his deed was ever recorded by the county recorder, or reported to the register to be entered in the books of his office, as required by the sixty-ninth section of the "act to provide for the management and sale of the lands belonging to the state," passed in 1868. (Stats. 1867–88, p. 507.) The presumption therefore is, that the deed never was recorded or reported. This being so, it is apparent that the land in question may have been sold to other parties, who may have purchased it in good faith, and may have improved and occupied it for many years.

In *People* v. *Goodhue*, 80 Cal. 199, a motion was made on the 31st of December, 1888, to vacate a judgment rendered on the 30th of October, 1865, of the same character as that involved here. This court affirmed the order of the court below denying the motion, and said: "A judgment cannot be attacked in this informal way years after its rendition."

We think that decision should be followed in this case, and therefore advise that the order appealed from be affirmed.

VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.