[No. 14289.    Department One. — March 31, 1892.]

MARY E. ANDERSON, APPELLANT, v. J. E. YOAKUM ET AL., RESPONDENTS.

STATE LANDS — QUITCLAIM DEED BY APPLICANT TO PURCHASE. — A quitclaim deed of state lands, made by a party who had merely prepared his application to purchase the same from the state, passes no interest in the lands to the grantee.

ID. — COVENANT WITH RESPECT TO AFTER-ACQUIRED TITLE. — A covenant in the *habendum* clause of such a deed, that any after-acquired title shall vest in the grantee, does not have the effect of itself to vest such title in the grantee upon its acquisition by the grantor.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Justin Jacobs*, for Appellant.

*Charles G. Lamberson*, for Respondents.

GAROUTTE, J.—This is an action to quiet title. Plaintiff appeals from the judgment and order denying her motion

for a new trial. Respondents are successors in interest
of one McKenna. At the time McKenna prepared his
application to purchase the land involved in this litiga-
tion from the state, and prior to the filing of such appli-
cation, he remised, released, and quitclaimed his interest
in the property to appellant by deed duly executed and
acknowledged. The *habendum* clause in said deed was as
follows: " To have and to hold all and singular the above
mentioned and described premises, together with the
appurtenances, unto the said party of the second part,
her heirs and assigns forever, and also any estate, right,
title, or interest which the said party of the first part
may hereafter acquire in and to the above-described
premises." Subsequently to the date of said deed, Mc-
Kenna's application to purchase was approved, a certifi-
cate was issued to him, and his assignee of such certificate
obtained the patent which now rests in the respondents.

The only question involved in this appeal is, Did the
deed of McKenna to plaintiff vest his after-acquired title
in her? In other words, did the certificate of purchase
to McKenna inure to the benefit of plaintiff by reason of
her deed? In *Cadierque* v. *Duran*, 49 Cal. 356, it was
expressly decided that a party who has simply filed his
application to purchase has no interest in the realty sub-
ject to transfer, and to the same effect is *People* v. *Blake*,
84 Cal. 614. In *Morrison* v. *Wilson*, 30 Cal. 344, it was
held that words used in a deed conveying the property
in fee-simple absolute will be construed to convey only
the present interest of the grantor, and not to pass an
after-acquired title, if a clause is inserted declaring that
as to title it is only a quitclaim deed; and to the same
effect is *Montgomery* v. *Sturdivant*, 41 Cal. 290.

While these cases sustain the principle that the legal
effect of words of conveyance may be limited and re-
stricted by subsequent recitals in a deed, we have been
referred to no case holding that a covenant by a grantor
in a deed of quitclaim and release that any after-acquired
title shall vest in the grantee has the effect of itself to
vest such title in the grantee upon its acquisition by the

grantor. The *habendum* clause of a deed refers to and acts upon the interest conveyed, most frequently limiting and qualifying such interest, but, as we have already shown, the grantor here had no interest whatever in the realty at the date of his deed to plaintiff, and it follows that no title, either present or future, vested in her through this conveyance.

Let the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.