[S. F. No. 4026. In Bank.—April 6, 1905.]

## W. E. YOULE, Respondent, v. MARY J. THOMAS, Respondent; EDWARD CLARKE, Intervener, Appellant.

STATE LANDS—RIGHT OF PURCHASE—REFERENCE OF CONTEST—SPECIAL JURISDICTION OF COURT—EFFECT OF JUDGMENT.—Upon the reference by the state surveyor-general of a contest of the right of purchase of state land, the jurisdiction of the court is special and limited, and derived wholly from the provisions of the Political Code relat-

ing to such contests. The sole matter to be determined is the question of the rights of the two' parties between whom the contest arose in relation to the land; and the state officers are bound by the judgment of the court, and the patent must issue to the party to the contest adjudged to have the right to the land in controversy.

ID.—POWER OF SURVEYOR-GENERAL PENDING CONTEST.—After the reference of a contest of the right to purchase state land to the courts, and after the action is begun, and before the final determination thereof, the surveyor-general has no power or right to receive the application of another party to purchase the land involved in the contest.

ID.—CONTEST AS TO CHARACTER OF LAND BY SETTLER—IMPROPER INTERVENTION OF ANOTHER SETTLER—COLLUSION OF PARTIES.—Where the contest referred to the court was instituted by a settler applying for the purchase of a half-section of land as fit for cultivation, against the holder of a certificate of purchase by a prior claimant of the whole section as unfit for cultivation, another settler upon the same half-section, who has applied to purchase the same pending the contest, but whose application has been rejected by the surveyor-general, is not in privity with the state, and cannot intervene, not even to show that plaintiff and defendant have colluded to divide such half-section between themselves, contrary to the constitution.

ID.—DISMISSAL OF INTERVENER'S APPEAL.—Where the court improperly allowed such intervention, and issues were joined by the defendant upon the original complaint and upon the complaint in intervention, and judgment was rendered in favor of the defendant to the original contest, which was silent as to the rights of the intervener, the intervener is not a party prejudiced by such judgment, and an appeal taken by him from the judgment and from an order denying his motion for a new trial will be dismissed.

MOTION to Dismiss Appeal from a judgment of the Superior Court of Kern County and from an order denying a new trial. M. L. Short, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, for Appellant.

James F. Peck, Solinsky & Wehe, and C. C. Boynton, *Amici Curiæ,* also for Appellant.

A. E. Bolton, and Galpin & Bolton, for Mary J. Thomas, Respondent.

SHAW, J.—The defendant, Mary J. Thomas, moves to dismiss the appeal of the intervener, Edward Clarke, from the

judgment in favor of Mary J. Thomas and from the order denying his motion for a new trial. The motion is made upon the ground that the intervener is not a party aggrieved by the judgment and order appealed from. For the hearing of this motion the cause was put upon the San Francisco calendar, and was numbered as case No. 4026, on that calendar. The case on appeal is on the Los Angeles calendar, and is numbered on that calendar as No. 1543.

The case is as follows: On August 22, 1899, the defendant, Mary J. Thomas, filed in the office of the state surveyor-general her application to purchase some six hundred and twenty acres of section 36, township 32 south, range 23 east, Mount Diablo meridian, situated in Kern County, stating that the land was unoccupied and unsuitable for cultivation. Her application was approved by the surveyor-general, and she thereafter received the certificate of purchase from the register of the state land office declaring her entitled to a patent upon payment of the balance of the purchase money. On August 8, 1900, W. E. Youle, claiming to be an actual settler on the north half of said section, and that the same was suitable for cultivation, filed with the surveyor-general his application to purchase said half-section, and his protest against the purchase thereof by Mary J. Thomas, under her application, and demanded that the respective rights to purchase the land be referred to the superior court of Kern County for trial. Thereupon the surveyor-general duly made an order referring said contest to the superior court of Kern county for trial and determination, and in pursuance thereof the plaintiff, on September 25, 1900, produced in said court a certified copy of said order, and filed the complaint in this action against Mary J. Thomas, John Doe, and Richard Roe, setting forth the respective claims and proceedings in the surveyor-general's office, and asking an adjudication as to the rights of the two claimants. On November 24, 1900, Edward Clarke entered upon the half-section in question and built thereon a small one-roomed house, and thereupon took up his residence therein, and on February 20, 1901, he presented to the surveyor-general for filing his application in due form to purchase the said half-section as land suitable for cultivation, together with his protest against further proceedings in the respective applications of Youle and Thomas, and demanded

that the contest thus sought to be made between him and the other applicants be referred to the same court for trial. The surveyor-general refused to receive or file the said application or protest, or to make any order in regard thereto. Thereupon, on February 21, 1901, Edward Clarke presented to the court, and by leave of the court filed, a complaint in intervention in the action between Youle and Mrs. Thomas, alleging the facts with relation to his settlement upon the land and his application to the surveyor-general, averring that the land was suitable for cultivation, and stating upon information and belief that plaintiff and defendant had agreed to divide the land between them, in consideration whereof plaintiff was to dismiss the action and allow the defendant to procure a patent under her application. On June 15th the defendant filed her answer to the complaint, a separate answer to the complaint in intervention, and a cross-complaint, praying for a judgment against the plaintiff, and a decree declaring that she was entitled to a patent under her purchase.

Thereafter eight other persons, by leave of court, filed complaints in intervention, each claiming as an applicant for the purchase of a particular forty-acre tract of the half-section, whose application and protest the surveyor-general had refused to receive and file, and alleging that the land was not fit for cultivation. When the case came on for trial, the court, on motion of plaintiff and defendant and intervener, Clarke, dismissed these eight complaints in intervention and set aside the order allowing the same to be filed.

When the cause came on for trial the plaintiff offered no evidence and stated that he abandoned the case. The intervener and the defendant, Thomas, appeared, and evidence was thereupon introduced upon which the court made findings upon the allegations of the complaint, the cross-complaint of Mary J. Thomas, and the complaint in intervention of Clarke. Judgment was then given and entered to the effect that the action be dismissed as to the defendants Doe and Roe, that the plaintiff had no right to purchase the land described in his complaint, and that Mary J. Thomas was entitled to a patent for the land described in her certificate on full payment of the price. The intervener was not mentioned in the judgment, nor was any reference made therein to his right or claim. He moved for a new trial, over the objection of the defendant,

Thomas, who claimed that the court had no jurisdiction either of his complaint in intervention or of his motion for a new trial. His motion was denied, and he appeals from the judgment and from the order denying the motion.

We are of the opinion that the intervener is not aggrieved by the judgment entered in the action, and hence that the motion to dismiss the appeal should be granted. It will be observed that although the court first allowed the filing of the complaint in intervention, and followed it up by taking evidence and making filings thereon, yet that it refused to go any further with the unauthorized contest, and gave judgment solely with regard to the respective rights of the original parties, entirely ignoring the intervener.

The jurisdiction of the superior court in actions begun in pursuance to a reference to it of a contest arising in the surveyor-general's office over the right to purchase state land is special and limited. It is derived solely from the provisions of the Political Code relating to such contests. The sole object to be achieved by the trial before the superior court is a determination of the question of the rights of the two parties between whom the contest arose in the surveyor-general's office to purchase the particular tract of land in question. When the judgment of the superior court is given, the state has, by its legislative action embodied in the statute, declared that its officers are bound by the judgment of the court, and that the patent must issue to the particular one of the persons who made the original contest in the surveyor-general's office adjudged to have the right. It is not a case where the court has before it a certain fund, or a certain piece of property, to determine what shall ultimately be done with it. In such a case the court having general jurisdiction in equity would be entitled to entertain the application of any person claiming a right thereto, and could give judgment awarding the property to any one who might be able to show his right. But in a question of the sort here involved there is no such general power. It is a mere method by which the state determines to whom it will sell its lands, and the parties concerned are the parties who have made the respective applications and whose rights have been referred to the court for adjudication.

Section 3414 of the Political Code provides that when a

contest arises between two or more applicants to purchase a particular tract of land, the surveyor-general or register, whenever a question of law is involved, or when either party demands a trial in the courts of the state, must make an order referring the contest to the proper court of the county in which the land is situated. Section 3415 declares that after such order is made, either party may bring an action in the superior court of the county in which the land is situated "to determine the conflict, and the production of a certified copy of the entry, made by either the surveyor-general or the register, gives the court full and complete jurisdiction to hear and determine the action." By section 3416 it is provided that upon the filing of a copy of the final judgment of the court the surveyor-general or register must proceed with the sale of the land to the party who by the judgment is determined to have the right thereto. These provisions apply to school lands (Pol. Code, sec. 3495), and they clearly show that the state is merely referring a single question to the court for decision, and that there is no intention to authorize a general inquiry concerning the land, or the determination of rights under applications to purchase made after proceedings are begun upon the order of reference. It would require a special provision of the statute to authorize such an enlargement of the inquiry, and no such provision appears.

It may be conceded that if the court had stepped aside from the decision of the controversy submitted to it by the state, and had determined the rights of the intervener with respect to some independent or collateral matter, the intervener would have the right to appeal to have such unauthorized judgment declared void by this court. No such question is before us. It is the judgment, not the findings, which controls. There was here no attempt to adjudicate anything except the single question whether W. E. Youle or Mary J. Thomas had the right to make the purchase. This was the only question the court had authority to determine, and the only question it did determine.

By virtue of his attempt, after the reference and after the action was begun, to settle upon and purchase the land, Clarke had, and could have, no interest whatever in the question before the court. His attempt to thrust himself and his claims into the controversy accomplished nothing but a judg-

ment ignoring him, and determining only the original contest, declaring that Mary J. Thomas was entitled to make the purchase. By that judgment the state is bound, and it is the only party interested. The only effect of his appeal, if decided on the merits, must be a decision that he has no interest in the question, and is not affected by the judgment.

He is not in privity with the state, and cannot raise the point that the parties had agreed to divide the land in order to evade the provision of the constitution (art. XVII) that land suitable for cultivation shall be granted only to actual settlers in quantities not exceeding three hundred and twenty acres to each settler. The state has submitted its rights in that regard to the determination of its own officers and courts, and citizens in their private capacity have no right to intervene. It is only when a citizen is in privity with the state that he can be allowed to question the sale made or about to be made, by the state. He does not put himself in such privity by making an application to purchase which is rejected. (*Kentfield* v. *Hayes,* 57 Cal. 411; *Burling* v. *Thompkins,* 77 Cal. 261; *Dreyfus* v. *Badger,* 108 Cal. 63.)

These conclusions are supported by previous decisions of this court. A similar question arose in *Vance* v. *Evans,* 52 Cal. 93. A second application by one of the parties had been filed after the order of reference was made. The court said: "The only contests in respect to the right to purchase lands of which the district courts have jurisdiction are those which arise in the surveyor-general's or register's office, and none had arisen in either of those offices concerning the defendant's second application." In *Berry* v. *Cammet,* 44 Cal. 351, the court said: "The sale of the lands of the state is committed to the executive department of the government; and the judicial department has no jurisdiction of controversies arising between applicants for the purchase of the lands, except in such matters as are expressly provided for by the statute." In *McFaul* v. *Pfankuch,* 98 Cal. 402, it is said: "It is not a question that the plaintiff may litigate of his own mere volition. A preliminary step must be taken by invoking the action of the surveyor-general, and the order of that officer referring the rights of the *parties* to the determination of the superior court is not only necessary to enable the plaintiff to invoke the action of the court, but without such order the

court has no jurisdiction to hear or determine the rights of the parties." In *Byrd* v. *Reichert,* 74 Cal. 582, the court says, with reference to this class of actions: "When a court has acquired jurisdiction to hear and determine an action of the kind above referred to, it is evident that it can determine only such questions as are involved in the contest on which the action is based. It cannot determine as to other contests or other asserted rights, and in so far as it attempts to do so, its action, being beyond its jurisdiction, is void." In *Mont Blanc C. G. M. Co.* v. *Debour,* 61 Cal. 364, the court, speaking of similar provisions of the federal statute with relation to contests over the right to purchase lands from the United States, said: "The action is one in which those only who have filed claims to the land in the United States land office could properly be made parties to the action, which was brought for the sole purpose of determining the rights of possession between such adverse claimants." It has been held that after a contest has been referred to the courts for determination, and an action has been begun, the officers of the state are divested of further power with reference to the proposed sale, and cannot receive subsequent applications. (*Laugenour* v. *Shanklin,* 57 Cal. 70; *Cunningham* v. *Shanklin,* 60 Cal. 125; *Wrinkle* v. *Wright,* 136 Cal. 496.)

The conclusion necessarily follows that the intervener has not been aggrieved by the judgment and order from which he appeals. Under no circumstances was he entitled to obtain in that action a valid or effectual judgment with respect to his rights. The state is the owner of the property, and it has declared by statute the manner in which, and the persons to whom a sale may be made. No person other than those between whom it authorizes an action to be begun to determine this question has any right to interfere in the proceedings, or can gain any right when he attempts to interfere. Not being an aggrieved party, he has no right of appeal.

The appeals from the judgment and order are dismissed.

Angellotti, J., Van Dyke, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.