[Civ. No. 194. Third Appellate District.—April 18, 1906.]

## ABE DARLINGTON, Respondent, v. SARAH BUTLER, Defendant; NATHAN L. KOHN, Intervener, Appellant.

STATE SCHOOL LAND—CONTEST—FAILURE TO RETURN SUMMONS—DISMISSAL—MOTION OF INTERVENER—POWER OF COURT.—Upon the failure of the plaintiff in a contest for the purchase of state school land to serve and return the summons for the period of three years after the commencement of the action, the court had power of its own motion to dismiss the contest, and the fact that a motion for such dismissal was made by an intervener who was not then an interested party was immaterial.

ID.—JUDGMENT OF DISMISSAL—RENDITION—ENTRY IN MINUTES—SUBSEQUENT JUDGMENT SIGNED BY JUDGE.—The judgment of dismissal of the action became effective and final when the court rendered its decision dismissing the action in open court, and it was entered in the minute-book, and in the judgment-book by the clerk, on the day of its rendition, and was intended to be then effective. It was not necessary that the judgment of dismissal should be signed by the judge, and the entry of a judgment so signed two days later, without vacating the first entry, was ineffective.

ID.—CERTIFIED COPY OF JUDGMENT—SECOND REFERENCE.—Upon receiving a certified copy of the entry of the first judgment of dismissal, the surveyor general was authorized to refer a new contest in favor of a new plaintiff and the original defendant.

ID.—APPLICATION PENDING REFERENCE.—Pending the reference of a contest, the surveyor general had no power or right to receive the application of another person to purchase the land involved in the contest.

ID.—INTERVENTION—APPEAL BY INTERVENER.—It is not material to determine whether an intervention was improperly allowed, or whether

the intervener had a right of appeal, where the findings in favor of the contestant and against the intervener are sustained by the evidence, and the judgment and order appealed from by the intervener must be affirmed.

APPEAL from a judgment of the Superior Court of El Dorado County, and from an order denying a new trial. N. D. Arnot, Judge.

The facts are stated in the opinion of the court.

William F. Bray, for Appellant.

Abe Darlington, and Charles A. Swisler, for Respondent.

CHIPMAN, P. J.—This is an action to determine the respective rights of the parties to certain school land situated in El Dorado county. Plaintiff had judgment from which and from the order denying his motion for a new trial intervener Kohn appeals.

The record presents the following facts: In 1888, defendant Butler filed her application in the state land office to purchase the land; thereafter one Graham filed therein a similar application, and on demand and protest of Graham the surveyor general referred the conflicting claims of Graham and Butler to the superior court for adjudication; on May 4, 1889, a complaint was filed by Graham in said court in the action entitled *Graham* v. *Butler*, and summons issued, but no return was made thereon; on May 7, 1903, appellant, intervener Kohn, "presented his application to purchase and protest to the surveyor general, who refused to file the same on the ground that the matter had been proferted to the superior court of El Dorado county, and until judgment was had they (sic) had no jurisdiction to receive the same"; on May 22, 1903, Kohn, by leave of court, filed his complaint in intervention, and an alias summons issued thereon, and on August 19, 1904, "was duly certified and returned" to the court, and on the same day Graham filed his answer to said complaint in intervention, "disclaiming any interest in the land therein described or in the cause of action; and the default of said Sarah Butler for not appearing in answer to said summons was duly entered"; on July 16, 1903, Darlington, plaintiff herein, filed

3 Cal. App.—29

his complaint in intervention, in which he alleged that he had made application to purchase the land from the state on April 11, 1903, which presumably was refused as Kohn's had been; on January 3, 1905, the court "dismissed the proceedings of *Graham* v. *Butler,* on motion of said intervener Darlington, upon the ground that summons in said action had not been served and return thereon made within three years after the commencement of said action." It appears from a statement made by the judge, Honorable N. D. Arnot, presiding in the case, as follows: "It was the practice of the presiding judge in this case . . . to announce his decision to the clerk and require the clerk to make an entry in the minute-book; and that has been his practice since he became judge of the superior court of El Dorado county. . . . When the judge presiding made his order in the case of *Graham* v. *Butler,* dismissing the case, he followed the practice he had hitherto pursued." The deputy clerk of the court testified that he remembered the decision of the court in *Graham* v. *Butler,* a copy of which the court gave to the clerk, and the direction the court gave him and he supposed it went into the minute-book and that the court told him as the attorneys came in to give them a copy of the decision; that Darlington came to the clerk's office about closing time and the clerk gave him a copy but did not remember to have given Kohn's attorney a copy; the latter testified that he did not know of the judgment dismissing the case until January 5, 1903, on which day a second judgment of dismissal was entered. The judgment of January 3d is as follows (title of court and cause entered in full): "In this action the motion of intervener, Abe Darlington, that said action be dismissed having come on regularly to be heard, and the court having rendered its decision and order that said action be dismissed; wherefore, by reason of the law and decision and order aforesaid, it is ordered, adjudged, and decreed that the said above-entitled action be, and the same is hereby dismissed. Judgment rendered January 3, A. D. 1905." There appears in the record a judgment to like effect signed by the judge and dated January 5, 1905. It is not necessary to set out this judgment fully. It recites the proceedings leading up to it more fully than the judgment of January 3d, and differs from that judgment only in form. It directs that the action be dismissed and the matter referred to

the surveyor general for such further proceedings as may be proper in the premises and that a copy be filed in the office of the surveyor general. The court found among the facts that the judgment of January 3d "was never vacated nor set aside and at all times after its said entry was and is in full force and effect." Among its conclusions of law the court found that "the judgment of this court made and entered on the 3d day of January, 1905, was and is the final judgment in the action of *J. S. Graham* v. *Sarah Butler*, and that the judgment made and entered on the fifth day of January, 1905, was unauthorized and was not and is not the final judgment therein." It appears that the judgment of January 3d, was entered "on page 598 of judgment-book 'B,' records of the superior court of El Dorado county, in words and figures as follows" (Then follows copy as above given). The judgment of January 5th was introduced as having been "made and entered by this court on the fifth day of January, 1905, and forming part of the judgment-roll in the case," but it does not appear where it was entered. On minute-book J of the court is an entry as follows: "January 3d, 1905. Present, Hon. N. D. Arnot, Judge. *J. S. Graham* v. *Sarah Butler*. The motion to dismiss is granted." The court found that on January 4, 1905, plaintiff filed in the office of the surveyor general a certified copy of the judgment of January 3, 1905, "and. on said fourth day of January, 1905, and after the filing of said copy of said judgment, he filed in the office of the surveyor general his application, in due form, for the purchase of the land described in his complaint and a duly verified protest against the allowance or approval of the application of said Sarah Butler and demanded that the contest arising thereon be referred to this court for adjudication"; that "thereafter, to wit, on the fifth day of January, A. D. 1905, the surveyor general, in compliance with said protest and demand of plaintiffs, made and entered in the record books of his office an order, which recites the fact of said application made by defendant in his office for the land aforesaid and of the application made and filed by plaintiff as aforesaid and the said protest and demand of plaintiff filed therewith, and orders and directs that the contest, as set forth between the parties herein, be referred to the superior court . . . for adjudication." On January 6, 1905, Kohn, intervener, presented to the sur-

veyor general a certified copy of the said judgment of January 5th, and at the same time presented his application and demand to purchase said land and was refused "on the ground that he had issued his profert to this court to determine the conflicting claims of said Abe Darlington and said Sarah Butler and hence was without authority to receive any further application." Thereupon Kohn, by leave of court, intervened in this action, the cause was tried and judgment passed in favor of plaintiff and against both the defendant and the intervener.

The appellant makes the point that the judgment of January 3d was not final, was not intended so to be, and that the clerk was authorized to enter it as the judgment of the court; that the judgment of January 5th was the only final judgment in the case; that plaintiff's application to purchase and demand for a reference to the court were premature and without authority and hence intervener's application was first in time and should have been received and filed.

It is beyond dispute that the judgment of January 3d was entered in the judgment-book by the clerk on that day, and was so entered by direction of and in accordance with the order of the court. The clerk testified that the judge gave him a copy of his decision and that the order was entered on the minute-book, which as the court stated was in accordance with the practice of the court. The finding of the court was that the judgment of the 3d of January was the final judgment, and that the judgment of January 5th was unauthorized and was not, and is not, the final judgment. It may be that the court could not by its findings change the effect of its former judgments, but the finding goes to show what its intention was.

The court had the right to dismiss the action of *Graham* v. *Butler* on its own motion even though Darlington was not then an interested party as intervener. (Code Civ. Proc., sec. 581, subd. 7.) The court pronounced its judgment of dismissal, or, in other words, rendered its judgment of dismissal on January 3d, when it so declared in open court and directed the clerk to enter the order. The order entered in the minute-book was in effect the final judgment of dismissal. (*Marks* v. *Keenan*, 140 Cal. 33, [73 Pac. 751]; *Pacific Paving Co.* v. *Vizelich*, 141 Cal. 4, [74 Pac. 352]; *Swortfiguer* v. *White*, 141 Cal. 576, [75 Pac. 172].) There is no statute re-

quiring the judge to sign the judgment. (See subject discussed in *Estate of Cook,* 77 Cal. 220, [11 Am. St. Rep. 267, 19 Pac. 431].) The surveyor general was authorized to act upon the judgment of January 3d in making his order for reference of the applications of Darlington and Butler.

After the reference of the contest between Darlington and Butler the surveyor general had no power or right to receive the application of another person to purchase the land involved in the contest, as we understand the decision in *Youle v. Thomas,* 146 Cal. 537, [80 Pac. 714].

It is claimed that intervention of Kohn was improperly allowed; that he was not in privity with the state and could not be heard to question the sale whether already made or about to be made (*Ibid*); that he was in no position to obtain in the action a valid or effectual judgment with respect to his rights (*Ibid*); and that as was said in *Youle v. Thomas,* "the conclusion necessarily follows that the intervener has not been aggrieved by the judgment and order from which he appeals," and the appeal might very properly be dismissed. Whether the foregoing is a correct interpretation of the case cited is immaterial in this case.

Appellant contends that the evidence shows that respondent was not a purchaser in good faith and for his own benefit and not for the benefit of another. This contention is based upon the evidence tending to support the allegations of the complaint in intervention that the plaintiff was, at the time he made application to purchase, in such financial stress as to be unable to pay for the land if awarded to him. Plaintiff objected to the testimony upon this issue as irrelevant and immaterial, but the court allowed it and much testimony was taken touching the property interests and outstanding indebtedness of plaintiff. We very much doubt the correctness of the court's ruling upon this point. Possibly the evidence might have had some bearing upon the claim that plaintiff's application was for the benefit of some other person if there had been any evidence pointing in that direction but there was none. However, the court found against intervener on the issue and there was sufficient evidence to support the finding.

The judgment and order are affirmed.

Buckles, J., and McLaughlin, J., concurred.