[L. A. No. 1557. In Bank.—March 19, 1907.]

W. E. YOULE, Respondent, v. MARY J. THOMAS, Respondent; T. P. ROSS, Intervener and Appellant.

[L. A. No. 1558.]

W. E. YOULE, Respondent, v. MARY J. THOMAS, Respondent; JOSEPH HART, Intervener and Appellant.

[L. A. No. 1559.]

W. E. YOULE, Respondent, v. MARY J. THOMAS, Respondent; L. G. WORDEN, Intervener and Appellant.

[L. A. No. 1560.]

W. E. YOULE, Respondent, v. MARY J. THOMAS, Respondent; JAMES F. PECK, Intervener and Appellant.

[L. A. No. 1561.]

W. E. YOULE, Respondent, v. MARY J. THOMAS, Respondent; LAURA FUSTCORN, Intervener and Appellant.

[L. A. No. 1562.]

W. E. YOULE, Respondent, v. MARY J. THOMAS, Respondent; CORWIN RADCLIFFE, Intervener and Appellant.

[L. A. No. 1563.]

W. E. YOULE, Respondent, v. MARY J. THOMAS, Respondent; W. G. DEAL, Intervener and Appellant.

[L. A. No. 1564.]

W. E. YOULE, Respondent, v. MARY J. THOMAS, Respondent; A. L. KING, Intervener and Appellant.

[L. A. No. 1565.]

ALBERT R. WILKES, Respondent, v. MARY J. THOMAS, Respondent; J. D. BRADLEY, Intervener and Appellant.

[L. A. No. 1566.]

ALBERT R. WILKES, Respondent, v. MARY J. THOMAS, Respondent; Dr. MARCHUS, Intervener and Appellant.

[L. A. No. 1567.]

ALBERT R. WILKES, Respondent, v. MARY J. THOMAS, Respondent; ORLA CASAD, Intervener and Respondent.

[L. A. No. 1568.]

ALBERT R. WILKES, Respondent, v. MARY J. THOMAS, Respondent; R. W. BERGEREN, Intervener and Appellant.

[L. A. No. 1569.]

ALBERT R. WILKES, Respondent, v. MARY J. THOMAS, Respondent; M. D. WOOD, Intervener and Appellant.

[L. A. No. 1570.]

ALBERT R. WILKES, Respondent, v. MARY J. THOMAS, Respondent; J. W. SCOTT, Intervener and Appellant.

[L. A. No. 1571.]

ALBERT R. WILKES, Respondent, v. MARY J. THOMAS, Respondent; LOUIS SIEDENBERG, Intervener and Appellant.

[L. A. No. 1572.]

ALBERT R. WILKES, Respondent, v. MARY J. THOMAS, Respondent; FRANK J. SOLINSKY, Intervener and Appellant.

STATE LANDS—CONTEST OF RIGHT OF PURCHASE—INTERVENTION.—*Youle* v. *Thomas,* 146 Cal. 537, [80 Pac. 714], affirmed on the proposition that where the state surveyor-general has referred a contest of the right of purchase of state lands the jurisdiction of the court is special and limited, and the sole matter to be determined is the question of the right of the two parties between whom the contest arose in relation to the land, and other persons, each claiming as an applicant for the purchase of a portion of the land under the acts for the purchase of mineral lands, have no right to intervene in the contest.

APPEALS from judgments of the Superior Court of Kern County. M. L. Short, Judge.

The facts are stated in the opinion of the court and in the opinion in *Youle* v. *Thomas,* 146 Cal. 537, [80 Pac. 714].

James F. Peck, Solinsky & Wehe, and Charles C. Boynton, for Appellants.

Laird & Packard, Galpin & Bolton, T. M. McNamara, and Charles G. Lamberson, for Respondents.

HENSHAW, J.—For the facts of these cases reference is made to *Youle* v. *Thomas,* 146 Cal. 537, [80 Pac. 714]. W. E. Youle contested the right of defendant Thomas to purchase the north half of the section for which she had made application and held the certificate of purchase. Albert R. Wilkes in like manner · contested her right to purchase the south half. These appellants are the interveners who, as noted in *Youle* v. *Thomas,* by leave of court filed complaints in intervention, each claiming as an applicant for the purchase of a forty-acre tract under the acts for the purchase of mineral lands. When the case came on for trial the court on motion dismissed these sixteen complaints in intervention, and the interveners appeal. *Youle* v. *Thomas,* above cited, dealt with the right of the intervener Clarke to be heard in the contest between Youle and Thomas. The same proposition that was presented in that case touching the intervener Clarke is here presented in but slightly changed form in regard to these appellants. The reasoning adopted and the conclusion reached in that case are strictly applicable to the present cases. No elaboration of the views expressed in *Youle* v. *Thomas* is called for. As under no circumstances would these interveners have been entitled to litigate in the contest between Youle and Thomas, or *Wilkes* v. *Thomas,* it follows that they were not aggrieved by the orders and judgments dismissing their complaints in intervention, which orders and judgments are therefore affirmed.

Shaw, J., Angellotti, J., McFarland, J., Sloss, J., and Lorigan, J., concurred.

Rehearing denied.