[S. F. No. 5278.    In Bank.—November 22, 1910.]

ROBERT T. POLK, as Administrator of the Estate of Thomas W. Polk, Deceased, (substituted for Thomas W. Polk), Appellant, v. ED SLEEPER, as Administrator of the Estate of Moreau Sleeper, Deceased, (substituted for Moreau Sleeper, Deceased), Respondent.

STATE LAND—UNAPPROVED APPLICATION TO PURCHASE—DEATH OF APPLICANT—RIGHT OF APPLICANT DOES NOT SURVIVE.—Under the statutes of this state, the right of one who has merely filed his application to purchase state land and whose application has never been approved and who has received no certificate of purchase or paid any part of the purchase price, is purely a personal right which does not survive him.

ID.—DEATH PENDING CONTEST OVER RIGHT OF PURCHASE—ABATEMENT OF ACTION.—Where an applicant so situated, in pursuance of an order of reference made by the surveyor-general under section 3414 et seq. of the Political Code, has commenced an action to determine a contest for the purchase of the land applied for, and dies pending the action, the action abates by his death, in the absence of the intervention, under section 3415 of the Political Code, as amended in 1907, of some person who had applied to the surveyor-general to purchase the land or some portion thereof, after the order of reference was made. Section 385 of the Code of Civil Procedure, providing for the non-abatement by death of causes of action that survive, has no application to such action.

APPEAL from a judgment of the Superior Court of Mendocino County. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Crawford & Crawford, and Mannon & Mannon, for Appellant.

Herbert V. Keeling, for Respondent.

ANGELLOTTI, J.—This is an appeal from a judgment that plaintiff take nothing, that the action be dismissed and that defendant have and recover his costs taxed at $2.25, in an action to determine a contest for the purchase from the state of certain swamp and overflowed land in Lake County, originating in the state land-office between Thomas W. Polk and Moreau Sleeper, and referred by the surveyor-general on June 2, 1886, under sections 3414 et seq. of the Political Code to the superior court of said county for adjudication. The judgment was entered on sustaining a demurrer to plaintiff's fourth amended complaint. From the original complaint, which is brought up as a part of the judgment-roll, it appears that this action was instituted by the contestant, Thomas W. Polk, by the filing of such complaint within sixty days after the order of reference, viz.: on July 10, 1886. The fourth amended complaint was not filed until the ninth day of January, 1908. The demurrer having been interposed, the action was transferred to the superior court of Mendocino County on account of the disqualification of the judge of Lake County, and on November 23, 1908, this demurrer was sustained, and the judgment appealed from thereupon entered.

Among other grounds of demurrer was that of want of facts to constitute a cause of action and want of legal capacity on the part of plaintiff's administrator to sue.

From the allegations of the fourth amended complaint it appears that this action has outlived both the original parties. It is alleged that contestant Thomas W. Polk died on November 13, 1899, and that Moreau Sleeper died on December 15, 1889. The complaint shows that on November 18, 1885, the register of the state land-office issued to said Moreau Sleeper a certificate of purchase for said land based upon an application therefor made by him on December 3, 1868, but it is stated that the same was illegally issued, the facts upon which the claim of illegality is based being alleged. The contestant presented his own application to purchase the said land on May 29, 1886, and this was followed by the order of reference

of June 2, 1886. Because of Sleeper's prior application and certificate of purchase contestant's application was never approved. It is claimed that all of his rights in the matter abated with his death, and that consequently the fourth amended complaint states no cause of action and shows the administrator to be without legal capacity to maintain the contest.

The claim of defendant's attorney that all rights of Thomas W. Polk to purchase this land under his application abated with his death and did not descend to his heirs, if he had any, or to the administrator of his estate, is not disputed by counsel for plaintiff. This claim appears to us to be well based. The effect of our statutes is that the right of one who has merely filed an application to purchase state land and whose application has never been approved and who has received no certificate of purchase or paid any part of the purchase price, is purely a personal right which does not survive him. The authorities in this state are clear upon the proposition that an applicant so situated has no such vested right as will prevent a termination by the state of the opportunity to purchase by a repeal of the law providing for a sale of the land. These authorities are fully discussed and the same conclusion reached in the case of *Messenger* v. *Kingsbury,* S. F. No. 5252, *ante,* p. 611, [112 Pac. 65]. We think it is clear that an applicant so situated has nothing more than a purely personal right to himself proceed with the purchase so long as the state does not change its laws relating to the sale of the land. It was held in *Cadierque* v. *Duran,* 49 Cal. 356, that "a party who has only filed an application to purchase, has acquired no right which he can transfer to another." The same conclusion was reached in *People* v. *Blake,* 84 Cal. 611, [22 Pac. 1142, 24 Pac. 313]; and these cases are approvingly cited in *Anderson* v. *Yoakum,* 94 Cal. 227, [28 Am. St. Rep. 121, 29 Pac. 500]. A distinction has been made by this court between such cases and a case where the application has been approved and a portion of the purchase money paid and the applicant holds a certificate of location (*Stanway* v. *Rubio,* 51 Cal. 41), and also a case where the purchaser has received a certificate of purchase. (*Wholey* v. *Cavanaugh,* 88 Cal. 132, [25 Pac. 1112].) As to the latter class of cases there can be no question, of course, in view of the statutory provision that

"certificates of purchase, and all rights acquired thereunder, are subject to sale, by deed or assignment," etc. (Pol. Code, sec. 3515.) And undoubtedly where an applicant has proceeded so far as to obtain an interest in the land that is capable of transfer, his interest will survive his death, and a patent can be issued in due course. (See Pol. Code, sec. 3523.) But as to the applicant whose application has not been approved and who has paid nothing, the effect of the decisions is that there is no such interest in the land as constitutes property capable of transfer. Our statutes relating to the sale of public lands make no provision the effect of which would be to enable any one to succeed to the right of an applicant so situated in the event of his death, as has been done by the United States in regard to pre-emption and homestead claims. The decisions as to pre-emption claims are to the effect that in the absence of such a statute on the subject, the privilege given by the government would lapse with the death of the applicant so situated and the land be open to entry by any one, and that where such a statute exists, the title subsequently acquired from the government comes to the persons taking it not through the applicant, but directly from the government by virtue of the privilege of purchase expressly given by the statute. It is also held that in such a case the land is not subject to devise by the pre-emptor, and cannot be sold in satisfaction of his debts or for the expenses of administration. (See *Elliott* v. *Figg,* 59 Cal. 117; *Wittenbrock* v. *Wheadon,* 128 Cal. 150, [79 Am. St. Rep. 32, 60 Pac. 664].) The same is well settled as to homestead claims. (See 32 Cyc. 834.) As said before, our statutes make no provision whatever for such cases. The situation here is exactly the same as it would be in regard to a pre-emption claimant from the United States similarly circumstanced, in the absence of any statutory provision for succession to the rights of the claimant. Thomas W. Polk at the time of his death had at most merely a purely personal privilege to purchase this land, which lapsed with his death, leaving the land so far as his application was concerned open for acquirement by any other qualified purchaser. His estate could have no interest therein, and neither his administrator nor any person interested in his estate has any right in regard to this land by virtue of anything done by him.

As we have suggested, these conclusions are not disputed

by counsel for appellant, but it is claimed that the action having been originally commenced by the contestant under the order of reference made by the surveyor-general, it may be continued by the administrator of his estate for the sole purpose of protecting the state by obtaining an adjudication as to the validity of the certificate of purchase held by the original defendant. This claim is based, we suppose, upon the doctrine established by the decisions that in an action of this character it is the right of the contestant, notwithstanding he fails to make out a case in favor of his own application, to have an adjudication as to the validity of the defendant's claim, with the result that if the defendant be also found to be without right a decree shall be given that neither plaintiff nor defendant is entitled to purchase. (See *Perri* v. *Beaumont,* 91 Cal. 30, [27 Pac. 534].) The decisions in regard to this proposition may be based solely on the fact that the contestant, although he does not show himself entitled under his pending application, may nevertheless be aggrieved by the failure of the court to also adjudge the defendant's application void. For instance, in *Perri* v. *Beaumont,* 91 Cal. 30, [27 Pac. 534], where Perri, the original contestant, was appealing from a judgment similar to the one here involved, it was said: "It cannot be said that the plaintiff is not aggrieved by the failure of the court to decide this part of the controversy, and adjudge defendant's application void. The plaintiff is an actual settler on the land, and has valuable improvements thereon. In addition to this, he is possessed of all the personal qualifications which would entitle him to purchase if the land were surveyed, and it is alleged that he desires to purchase it. It is clear, therefore, that he has an interest in preventing · defendant from acquiring the legal title from the state." Of course, in view of what we have heretofore said, none of this can be true as to the deceased or his legal representative, who is the only existing claimant. It is settled by *Dollenmayer* v. *Pryor,* 150 Cal. 1, [87 Pac. 616], that the provisions of section 3414 of the Political Code, providing for the initiation of a contest before the surveyor-general and the reference of that contest to the superior court of the county in which the land is situated for determination, do not authorize the initiation of such a contest by one who does not himself seek to purchase the land or who has no interest in the land which he

would be entitled to protect in some action or proceeding. In
that case an order of reference made by the surveyor-general
upon the protest of Pryor, "who had neither possession, in-
terest, nor claim," was held to be absolutely void and insuf-
ficient as a basis for any proceeding in the superior court. It
was said that "a mere sentimental interest, or a general in-
terest as a citizen in the protection of state property, . . . or
even the particular interest which a qualified person, privi-
leged to purchase state lands and expecting at some future
time to apply for the particular tract in question, but who is
not a settler thereon, might have in preventing or delaying a
prior applicant, would not be a sufficient interest to authorize
such a contest." The contest thus authorized is one solely for
the protection of some right of the party contesting which is
entitled to protection. It is this contest between contestant
and contestee which may be initiated and referred under sec-
tion 3414 of the Political Code, and it is this contest alone
that is referred to in the succeeding sections (3415 to 3417).
The only parties concerned in the action are the parties who
properly become parties to the contest in the surveyor-general's
office and whose rights have been referred by that officer to
the courts for adjudication, and prior to the amendment of
section 3415 of the Political Code, in 1907, no other person
could intervene in an action commenced under said reference.
This was definitely settled in *Youle* v. *Thomas,* 146 Cal. 537,
[80 Pac. 714], and reaffirmed in *Youle* v. *Thomas,* 150 Cal.
676, [91 Pac. 584]. The amendment of 1907 authorizes such
an intervention only by one legally qualified to purchase from
the state public lands of the same character, who, after the
order of reference, presents his own application to purchase
the land or a portion thereof, to the surveyor-general. The
only questions involved in the action are those affecting the
relative rights of the parties thereto. The state is in no sense
a party to the action. Where all possible rights of the con-
testant and those claiming under him in regard to the land
lapse by reason of his death, it would appear to necessarily
follow that the particular contest referred must end, in the
absence of the intervention, under section 3415 of the Political
Code, as amended in 1907, of some person who had applied to
the surveyor-general to purchase the land or a portion thereof.
The contestant's cause of action does not survive him, and sec-

tion 385 of the Code of Civil Procedure, providing that "an action or proceeding does not abate by the death . . . of a party . . . if the cause of action survive or continue," and providing for the substitution of the representative of the deceased, has no application. In the absence of statutory provision for its continuance, the action abated with the contestant's death. The question we have discussed does not appear to have been suggested upon the former appeal in this case (*Polk* v. *Sleeper*, 143 Cal. 70, [76 Pac. 819]), and there is nothing in the opinion then filed that can be construed as purporting to decide it. In fact, all that is said therein as to the nature of the action and the rules applicable thereto is in line with the views we have discussed.

From what we have said it follows that in view of the facts made known to the trial court by the fourth amended complaint the judgment that the action be dismissed was correct. No point is made here as to the correctness of the judgment in so far as it awards respondent $2.25 costs against appellant, and we have not considered that question and express no opinion thereon.

The judgment appealed from is affirmed.

Shaw, J., Lorigan, J., Melvin, J., Sloss, J., and Henshaw, J., concurred.