[S. F. No. 3482.   Department Two.—August 27, 1903.]

EDMUND MARKS, Appellant, v. HUGH KEENAN, Respondent.

APPEAL—ORDER OF DISMISSAL OF ACTION—FINAL JUDGMENT.—An order of court dismissing an action, on the ground that the service of summons had not been made in time, and that plaintiff had failed to prosecute the action with reasonable diligence, though entered in the minutes of the court, and not in the judgment-book, is a final judgment, and appealable as such.

MOTION to dismiss appeal from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

William J. Herrin, for Appellant.

J. B. Reinstein, for Respondent.

McFARLAND, J.—Motion to dismiss an appeal.

In the court below the defendant moved for an order setting aside the service of summons and dismissing the action, on the grounds that the service of summons had not been made in time, and plaintiff had failed to prosecute the action with reasonable or any diligence. After a hearing, the court made an order reciting that defendant had made a motion to dismiss the action "for failure to serve the summons issued herein within a reasonable time," and granting the motion. This order of dismissal was entered in the minutes of the court, but not in the "judgment-book" in which judgments generally must be entered as required by section 668 of the Code of Civil Procedure. From this order of dismissal plaintiff appeals, his notice of appeal stating that he appeals from said order "and from the whole of said judgment"; and this is the appeal which the respondent moves to dismiss.

Respondent contends that the order appealed from is not appealable, because it is not a final judgment, nor an order made after final judgment, nor an order which is appealable under any provision of the code.   Appellant contends that

CXL. Cal.—3

the order is a final judgment within the meaning of the provisions of the code touching appeals; and this contention must be maintained. The order in question is certainly in its nature and essence a final judgment; it finally and entirely disposes of the whole case. And an entry of the order in the judgment-book was not necessary, under the provisions of the code on the subject, to complete its character as a final judgment. Section 581 of the Code of Civil Procedure deals with the subject of orders of dismissals of actions, and we think that it should be held to apply to all such dismissals. This section provides that, with two exceptions not applicable here, the dismissals "shall be made by orders of the court entered upon the minutes thereof, and shall be effective for all purposes when so entered, but the clerk of the court shall note such orders in his register of actions in the case." Therefore, as such order is not required to be entered in the judgment-book, but is expressly made "effective for all purposes" when entered in the minutes, and as it is essentially a final judgment, it should be so treated for the purpose of appeal. The direction in the clause above quoted, that the clerk shall note such orders in his register of actions does not, in case he neglects such duty, disturb the effectiveness of the preceding provisions of the section.

The motion to dismiss the appeal is denied.

Beatty, C. J., and Lorigan, J., concurred.