[L. A. No. 2400.   Department One.—December 11, 1909.]

C. F. DEMPSEY, Appellant, v. J. H. UNDERHILL et al., Defendants, and THE DESERT MINING COMPANY (a Corporation), Intervener and Respondent.

DISMISSAL OF ACTION—INTERVENTION—FIVE YEARS' DELAY IN TRIAL OF ACTION—APPEAL.—Where a plaintiff moves to dismiss the action in intervention, under section 583 of the Code of Civil Procedure, on the ground that the issues tendered by the intervention had not been brought to trial within five years after the plaintiff had filed his answer, and the court denies such motion, and of its own motion orders the entire action to be dismissed, the plaintiff, on an appeal from the order of dismissal, cannot urge as error the denial of the motion to dismiss the action in intervention.

ID.—ORDER OF DISMISSAL A FINAL JUDGMENT.—The order dismissing the entire action constituted a final judgment within the meaning of the provisions of the code touching appeals.

APPEAL from a judgment of the Superior Court of Kern County.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Campbell, Metson & Campbell, and F. E. Borton, for Appellant.

M. W. Conkling, and C. W. Pendleton, for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiff from a judgment dismissing an action for the reason that the same was not brought to trial within five years after issue joined by answer between the intervener and plaintiff.

The action was one commenced September 24, 1900, to quiet plaintiff's title to an undivided interest in certain mining claims as against certain persons named as defendants.   The defaults of all these persons were entered in the year 1901, the last of such defaults having been entered on October 15, 1901, but no judgment has ever been given as against any of said defendants.   By leave of the court, the Desert Mining Company filed its complaint in intervention on October 26, 1900, claiming all of the property as against both plaintiff and defendants.   Plaintiff's demurrer to this complaint in inter-

vention was overruled, and he filed his answer thereto on
November 24, 1900. On September 25, 1906, plaintiff gave
notice of a motion to be made for an order dismissing the
action in intervention on the ground that the issues tendered
by the intervener had not been brought to trial within five
years after the plaintiff had filed his answer, and that such
neglect had not been due to any stipulation of the parties in
writing or otherwise (Code Civ. Proc., sec. 583). This motion
was heard on November 26, 1906, and the facts stated as
grounds therefor shown to exist. On December 6, 1906, the
lower court made its order denying plaintiff's motion to dis-
miss the action in intervention, and adjudging that "the said
action and the whole thereof be and the same is hereby dis-
missed, for the reason that the same was not brought on for
trial within five years." This order, which constituted a final
judgment within the meaning of the provisions of the code
touching appeals, and which finally and entirely disposed of
the whole case (see *Marks* v. *Keenan,* 140 Cal. 33, [73 Pac.
751]), was entered June 6, 1907, and plaintiff appealed there-
from within six months thereafter.

It may be seriously questioned whether the lower court was
warranted by the facts stated in dismissing plaintiff's action as
to the defaulting defendants. But plaintiff makes no com-
plaint in his briefs on this score. The sole points are: 1. That
the intervener never perfected its invention as provided by the
law and therefore has no standing in the litigation; 2. That
the complaint in intervention did not state a cause of action,
and, 3. That the court erred in denying plaintiff's motion to
dismiss the action in intervention. Solely for the purposes
of this appeal we may concede that all of these points are
well made, but we are nevertheless utterly unable to see why
a reversal of the judgment of dismissal should be had on
account thereof. The effect of the judgment of dismissal was
necessarily to dismiss the intervener's action, the very thing
plaintiff was seeking to have done by his motion. While
denying plaintiff's motion, the court on its own motion made
an order which granted all that plaintiff asked in regard to
the intervener. So far as the disposition of the intervention is
concerned, plaintiff has nothing substantial to complain of.
If the court erred in denying his motion, it was error without
prejudice.

If plaintiff has any ground of complaint whatever, it is that the lower court by its order made on its own motion erroneously prevented him from obtaining a judgment against the defaulting defendants. But, as we have said, he makes no complaint as to this in his briefs. His points relate solely to his rights as against the intervener.

None of the points made warrants a reversal.

The judgment of dismissal is affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.