[Civ. No. 6504.   Second Appellate District, Division Two.—April 18, 1929.]

MRS. PEARL E. ROBINSON, Respondent, v. SOUTH-LAND PRODUCE COMPANY (a Corporation) et al., Appellants.

Wm. J. Claasen for Appellants.

M. O. Graves for Respondent.

CRAIG, J.—Respondent originally commenced an action for damages against the defendants Southland Produce Company, a corporation, and Liberty Produce Company, a corporation. Answer was filed by Nick Estrin and Philip Garbus, doing business under the name of "Liberty Produce Company, a copartnership," and denied that that company was a corporation. The Southland Produce Company did not appear. Upon the day of trial counsel for the plaintiff announced that he had received information that the truck which she alleged had caused her personal injuries had been transferred by the Southland Produce Company to the Liberty Produce Company, and that the latter was a co-partnership composed of the two individuals above named. The plaintiff thereupon moved to dismiss the action as to the Southland Company, which was granted, and she then

moved for leave to file an amended complaint in accordance with the facts. This latter motion was denied, and on motion of the remaining defendant, the case was dismissed, the trial court entering an order which recited: "Defendants move to dismiss the case, which motion is by the court granted." Thereafter the plaintiff moved to set aside the order of dismissal, assigning as grounds therefor that it was made through inadvertence, that it showed no grounds for dismissal, that the defendants were estopped by the pleadings from moving to dismiss, and that said order was without and in excess of the jurisdiction of the court. At the time this motion was presented, the plaintiff also moved for leave to file an amended complaint. Each of these latter motions was granted, and an amended complaint was filed and served in open court, naming all of the parties as defendants, including the Southland Produce Company, a corporation, and appellants individually as doing business under the fictitious name of Liberty Produce Company, a copartnership. Notice of appeal was served upon counsel for the plaintiff, and filed, entitled, "Mrs. Pearl E. Robinson, plaintiff, vs. Southland Produce Company, a corp., and Liberty Produce Company, a copartnership," reciting that: "The defendants, Nick Estrin and Philip Garbus, hereby appeal . . . from that certain order made and entered on the 12th day of December, 1928, wherein the above captioned court vacated its previous order of dismissal in said cause and from the order of the court . . . wherein plaintiff was granted permission to file its amended complaint making appellants parties defendants."

Respondent moves this court to dismiss the appeal, and assigns as grounds therefor that neither of said orders is appealable. ■ The order vacating the order dismissing the action is an appealable order. (Code Civ. Proc., sec. 963, subd. 2; *James* v. *Center*, 53 Cal. 31.) It is a special order made after judgment. ■ The order granting leave to amend is not appealable, and the motion to dismiss the appeal therefrom is granted. The motion to dismiss the appeal from the order vacating the dismissal is denied.

Works, P. J., and Thompson (Ira F.), J., concurred.