[Civ. No. 4455. Third Appellate District.—January 27, 1932.]

FRANK I. NELSON, Appellant, v. MICHAEL GEISS et al., Defendants; SECURITY TRUST & SAVINGS BANK (a Corporation), as Trustee, etc., Respondent.

C. F. Seccombe and Huntington Bledsoe for Appellant.

Haas & Dunnigan for Respondent.

MILLER, J., *pro tem.*—This is an appeal from a judgment rendered in an action to quiet title, refusing to quiet appellant's title against respondent's.

On January 2, 1912, Irwin Bechtel and his wife were the owners of certain real property in Los Angeles, California, to which appellant is seeking to quiet his title. On that date the Bechtels mortgaged said property to Michael Geiss for $1,000; this mortgage became due and payable January 2, 1915. In 1914 Geiss disappeared and has never since been heard from. Before his disappearance, however, he left the note and mortgage with the Guaranty Trust and Savings Bank of Los Angeles, for collection, and on December 18, 1918, that bank, on proceedings had under section 1822 of the Code of Civil Procedure, was duly appointed trustee on behalf of Michael Geiss, a missing person. On December 26, 1918, such trustee, in the name of and on behalf of Geiss, commenced an action against Irwin Bechtel et al. for the foreclosure of said mortgage. On February 11, 1919, answer by one of the defendants was filed. Nothing further was done in the action until March 20, 1924, when the action was dismissed. On July 3, 1924, an order vacating the order of dismissal was made and entered. Subsequently, on July 8, 1924, the default of certain defendants was entered. On July 10, 1924, a motion to dismiss the action was granted, and the order so dismissing the action was entered in the minutes of the court, and purported to dismiss the action as to all defendants. On July 11, 1924, in another department of the superior court, the trial of said action. was set for June 8, 1925. On September 11, 1928, notice of motion to set the case for trial October 1, 1928, in still another department of the superior court was given, and said case was reset, and on November 5, 1928, an order was made vacating the last order setting the case for trial, and no further proceedings were had therein.

On February 1, 1925, appellant became the owner of, and went into the possession of, the property herein involved, and on May 29, 1925, brought this action to quiet his title to the real property here involved. Respondent bank answered on behalf of Michael Geiss, a missing person, and the action was tried on August 31, 1928, and judgment went for respondent. Respondent Security Trust and Sav-

ings Bank of Los Angeles is successor to the Guaranty Title and Savings Bank, and as such trustee claims to be the holder of the Bechtel mortgage above mentioned. Appellant claim title to the property in controversy through Pauline Johnson, under a grant deed dated February 1, 1925. Pauline Johnson secured her title through mesne conveyances from Irwin F. Bechtel and wife. In the deed from Bechtel and wife to their immediate successor in interest, L. F. Van Horne and wife, is recited the following: "Subject to a mortgage of One Thousand ($1000.00) Dollars which the parties of the second part agree to assume and pay to Michael Geiss."

Van Horne and wife, on October 20, 1913, executed a deed of trust on said property to Kathryn Seccombe, trustee for A. H. Seccombe. This property was sold under said deed of trust to A. H. Seccombe, who, with his wife, on April 3, 1924, executed a deed to said property to Pauline Johnson, and she, in turn, and on April 3, 1924, executed a deed of trust on said property to C. F. Seccombe, as trustee, to secure a note for $2,000 in favor of A. H. Seccombe, and of which deed of trust appellant knew when he purchased the property from Pauline Johnson. Appellant contends that the record in the case of *Geiss et al.* v. *Bechtel et al.*, and which action was finally dismissed by the superior court on July 10, 1924, shows that a final judgment has been entered in said foreclosure suit, which completely disposes of the Bechtel mortgage, and that appellant is entitled to have his title quieted without paying said mortgage. Respondent, on the other hand, insists that, inasmuch as there was no formal judgment docketed in the foreclosure action, the order which the court made dismissing the action was ineffectual as a final judgment of dismissal of said action of *Geiss et al.* v. *Bechtel et al.* Respondent further contends that there is some virtue in the orders that were assumed to be made by the court below setting the foreclosure suit for trial after it had been dismissed.

The provisions of section 583 of the Code of Civil Procedure requiring a dismissal of an action where the action has not been brought to trial within five years after the defendant has filed his answer, except where there is a stipulation in writing extending the time of trial beyond the five-year limit, are mandatory. (*Larkin* v. *Superior Court,*

171 Cal. 719 [Ann. Cas. 1917D, 670, 154 Pac. 841]; *Andersen* v. *Superior Court*, 187 Cal. 95 [200 Pac. 963]; *Sacramento Transp. Co.* v. *California Reclamation Co.*, 205 Cal. 42 [269 Pac. 640].)

That the provisions of the statute are mandatory is not questioned by respondent, who contends that because a formal judgment was never entered in the judgment book, the order dismissing the action, although said order was entered in the minutes of the court making the same, is ineffectual as a final judgment of dismissal, and that the statute of limitations is tolled as to said mortgage; that plaintiff took title subject to a live mortgage, and hence cannot quiet his title until he discharges the mortgage. This contention, however, is definitely answered adversely to respondent's contention, by the Supreme Court in the case of *Dempsey* v. *Underhill*, 156 Cal. 718 [106 Pac. 73, 74], wherein the court, referring to an order made under section 583 of the Code of Civil Procedure, says: "This order, which constituted a final judgment within the meaning of the provisions of the Code touching appeals, and which finally and entirely disposed of the whole case . . . was entered."

The Supreme Court thereby adopted the construction with reference to section 583 of the Code of Civil Procedure that had been adopted by it in the case of *Marks* v. *Keenan*, 140 Cal. 33 [73 Pac. 751], with reference to section 581 of the Code of Civil Procedure. Section 581, in terms, provides that the dismissal "must be made by orders of the court entered upon the minutes thereof, and are effective for all purposes when so entered", while section 583 is silent in that particular, and it is urged by respondent that, inasmuch as no provision is made in said section 583 to the effect that the entry of the order in the minutes of the court shall be effective for all purposes, sections 664 and 668 of the Code of Civil Procedure must govern, and, hence, that before the order of dismissal can become effective, a judgment of dismissal must be entered in the judgment book. The rule that an order of dismissal under section 581 of the Code of Civil Procedure must be entered in the minutes, and, when so entered, is effective for all purposes declared in the case of *Marks* v. *Keenan, supra,* was extended to section 583 by the decision in *Dempsey* v. *Underhill,*

*supra,* and further extended to sections 581a and 581b by the decision in *Consolidated Const. Co.* v. *Pacific Electric Ry. Co.,* 184 Cal. 244 [193 Pac. 238, 240], wherein the court says: "By every analogy to the rule of these authorities, it should now be held that the language of section 581 in regard to dismissals by the court, directing that they be made by orders entered in the minutes and be effective when so entered, requires that they be so entered in order that they be effective. By every analogy also it should be the rule that orders of dismissal under sections 581a and 581b should, like similar orders under section 581, be at least entered in the minutes in order that they be finally effective and constitute judgments."

Yet, like section 583, neither section 581a nor section 581b contained any provision for the entry of the order in the minutes of the court. The order of dismissal involved in the instant case was entered in the minutes, and it is, therefore, apparent that it was as effective as a final judgment of dismissal as would have been a formal entry of a judgment of dismissal in the judgment book. It follows, therefore, that the statute of limitations was not tolled by the neglect of anyone to have a judgment of dismissal entered in the judgment book, and that the mortgage for the foreclosure of which the action of *Geiss* v. *Bechtel,* in which the order involved here was made, is as effectually wiped out as if it had been paid. Plaintiff was not a party to the mortgage from Bechtel to Geiss, nor did he agree to pay the same; he was a purchaser for value after the extinguishment of the mortgage lien (sec. 2911, Civ. Code), and after the foreclosure suit had been dismissed by an order that, in effect, was a final judgment, and there being no legal nor moral obligation on his part to pay the mortgage debt, the rule applicable to the original mortgagee where he seeks to quiet his title after the extinguishment of the lien, as indicated in *Booth* v. *Hoskins,* 75 Cal. 271 [17 Pac. 225], does not apply, as very clearly appears in the case of *Faxon* v. *All Persons,* 166 Cal. 707 [L. R. A. 1916B, 1209, 137 Pac. 919].

The judgment is reversed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.