[L. A. No. 13279. In Bank.—September 23, 1932.]

SOUTHERN PACIFIC RAILROAD COMPANY, Respondent, v. W. M. WILLETT et al., Appellants.

Arthur J. Dannenbaum and Theodore M. Stuart for Appellant.

Walter H. Stammer for Respondent.

TYLER, J., *pro tem.*—Motion to dismiss appeal. The facts are without dispute. The complaint in the action, which is one to condemn real property for railroad purposes, was filed on March 16, 1899. The answer of defendant and appellant was filed June 27, 1899. Appellant filed with his answer a cross-complaint and, some six years later, on February 24, 1905, filed an amended cross-complaint. The answer of plaintiff and respondent to the amended cross-complaint was filed June 8, 1905. No proceedings were taken and no stipulations, documents or other pleadings were filed in the action from that time until January 15,

1931, more than thirty-one years after the answer was filed and more than twenty-five years after the filing of the answer of respondent to appellants' amended cross-complaint. On March 12, 1931, respondent Southern Pacific Railroad Company served and filed its notice of motion to dismiss the action for want of prosecution, the cause not having been brought to trial within five years after answer filed. On April 17, 1931, there was made and entered in the minutes of the trial court the following order: "The motion of the plaintiff, to dismiss the above entitled action having been heretofore argued by respective counsel and submitted to the court for a ruling and by the court taken under advisement, it is now ordered that the motion be and it is hereby granted and the action is dismissed." A note of this order was entered in the clerk's register of actions on the same day. On April 18, 1931, the following judgment was signed by the trial court and entered in the judgment-book: "The motion of the plaintiff to dismiss the above entitled action came on regularly for hearing before the above entitled Court on the 10th day of April, 1931, . . . ; and said motion having been submitted to the Court; and the Court having entered herein its minute order dismissing said action; and good cause appearing therefor. It is ordered, adjudged and decreed that the above entitled action be, and it is hereby dismissed. Done in open court this 18th day of April, 1931. (signed)" Appellant thereafter moved to vacate the judgment, which motion was denied. Appellant filed a notice of appeal from the judgment of dismissal and also from an order refusing to vacate it. The notice of appeal was filed on June 17, 1931, within sixty days after the entry of the formal judgment, but more than sixty days after the entry in the minutes of the trial court of the minute order dismissing the action.

If the minute order be construed the final judgment of the court dismissing the cause, as contended by respondent, then the notice of appeal from the judgment was filed too late. If, however, the time for taking the appeal began to run on the date of the entry of the formal judgment, entered April 18, 1931, the notice of appeal was given in time and this court has jurisdiction to consider the cause. Our jurisdiction to entertain appeals, of course, is dependent upon a compliance with the statutory prerequisites. The question here involved is primarily one of jurisdiction.

■ The provisions of the Code of Civil Procedure invoked by appellants, requiring entry of judgments in the judgment-book, apply to judgments in favor of one party or another upon the merits of the case. Here there has been no decision upon the merits. ■ The action has simply been dismissed under the provisions of section 583 of the Code of Civil Procedure for failure to prosecute with reasonable diligence and for failure to bring the case to trial within the time prescribed by the statute. It has been said that such an order of dismissal is not a judgment at all in the strict sense, but is to be treated as such for all the purposes of taking an appeal, because it finally disposes of the particular action and prevents further proceedings as effectually as would any formal judgment based on ruling on demurrer, or on findings or verdict on the facts. (*Wood, Curtis & Co.* v. *Missouri etc. Ry. Co.*, 152 Cal. 344 [92 Pac. 868].) ■ The rule is well established in this state from a very early period that a minute order of the trial court dismissing an action is a final judgment, and the time for appeal therefore runs from the entry of such minute order. (*Tripp* v. *Santa Rosa Street R. R.*, 69 Cal. 631 [11 Pac. 219].) This case has been followed with approval in the later cases of *Dempsey* v. *Underhill*, 156 Cal. 718 [106 Pac. 73]; *Howe* v. *Key System Transit Co.*, 198 Cal. 525, 531 [246 Pac. 39]; *Nelson* v. *Geiss*, 120 Cal. App. 247 [7 Pac. (2d) 720]. ■ In all dismissals of actions, whether made under sections 581, 581a, 581b or 583 of the Code of Civil Procedure, the minute order of the court constitutes a final judgment from which an appeal must be taken. (2 Cal. Jur., p. 402; Id., pp. 158, 159.) Nor does the fact that a formal judgment was entered in the judgment-book thereafter suspend or toll the time for appeal. (*Matthai* v. *Kennedy*, 148 Cal. 699 [84 Pac. 37]; *Bengel* v. *Traeger*, 100 Cal. App. 526 [280 Pac. 538]; *Lewis* v. *Hammond Lumber Co.*, 114 Cal. App. 390 [300 Pac. 49].) ■ The motion to vacate the order dismissing the action is not appealable. (*Tripp* v. *Santa Rosa Street R. R.*, *supra*.)

The motion to dismiss the appeal from the judgment of dismissal is granted and the appeal is dismissed.

Shenk, J., Preston, J., Langdon, J., and Waste, C. J., concurred.