TomÁs Fuentes, Etc., Plaintiff and Appellee, *v.* Heirs of Pedro Pérez Sales, etc., Defendants; Pedro Pérez Sales, Defendant and Appellant; Enrique Olivencia, Intervener.

No. 6630. Argued December 3, 1934.—Decided January 17, 1935.

*José Sabater* for appellant. *M. A. García Méndez* and *A. Ramírez Silva* for appellee. *Bolívar Pagán* for intervener.

Mʀ. Justice Wolf delivered the opinion of the Court.

Tomás Fuentes known as Tomás Pérez began, on the 3rd of July, 1931, a suit of filiation against the heirs or representatives of Pedro Pérez Sales and other persons. On the 6th of October, 1932, Tomás Pérez Sales, one of the defendants, appeared in the District Court of Mayagüez and asked that the suit be filed away as far as he was concerned because, although he lived in Mayagüez, he had never been cited or summoned in any form. On the 19th of January, 1934, the District Court of Mayagüez, after hearing both sides, overruled the said motion. The theory of the court in overruling it was that the failure to summon or notify was not fatal as the provision of law was directory rather than mandatory. From this order Tomás Pérez Sales appealed and we have before us a motion to dismiss the appeal on two grounds.

The first ground is that the order of the District Court of Mayagüez was not appealable inasmuch as it did not fall within any of the provisions of Section 295 of the Code of Civil Procedure which reads as follows:

"An appeal may be taken to the Supreme Court from a D'strict Court:

"1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered within one month after the entry of judgment.

"2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars ($300).

"3. From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing

to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of the place of trial; from any special order made after final judgment; and from an interlocutory judgment in actions for partition of real property, within ten days after the order of interlocutory judgment is made and entered on the minutes of the court or filed with the secretary."

Reviewing the jurisprudence of this court there are various cases wherein certain orders have been declared to be inappealable that might be considered to be analogous, for example: *Santiago* v. *Benvenutti,* 43 P.R.R. 343; *Vargas* v. *Cruz,* 41 P.R.R. 137; *Ralat* v. *Nazario,* 40 P.R.R. 344; *Banco Territorial* v. *Astor,* 40 P.R.R. 846; *Veve* v. *Rodríguez,* 33 P.R.R. 325; *Monagas* v. *Rivera,* 32 P.R.R. 658.

It might be added that the cases cited by the appellant in opposition to the motion do not convince us that the order was appealable. *Pacific Paving Co.* v. *Vizelich,* 141 Cal. 4; *Vrooman* v. *Li Po Tai,* 113 Cal. 302; see also *Marks* v. *Keenan,* 140 Cal. 33; 3 C. J. 441.

The fact is that the appellant was one of several persons who apparently had a right to oppose the complaint in filiation filed in this case. There is no suggestion that a fresh suit could not have been begun. While it is true that the law requires a citation to be made within a certain time, yet the courts are always liberal in permitting an existing suit to continue if the sole effect of filing it away would be to cause a plaintiff to begin another to the same effect. This matter is emphasized when, as the appellant admitted in its motion, the suit had already been filed against various persons who had an interest in opposing the suit. Likewise the court had a discretion after the statutory time of one year has elapsed. *Costa & Santini, Sucr., Inc.* v. *Suliveres,* 44 P.R.R. 717.

Therefore, we agree with the District Court of Mayagüez that the provision of the Code of Civil Procedure is directory rather than mandatory and does not exclude the discretionary

power of a court to refuse to file away a suit as against one of several defendants and even a sole defendant.

As the court permitted the case to be continued there was definitely no final judgment against the defendant. He was bound to have his day in court. There is no other provision of law in Section 295 which would conceivably justify the appeal. It is true that if the court had ordered the case to be filed away it would be a definite final judgment against the plaintiff in a suit like the present one. It does not follow at all that the opposite decision would be appealable.

■ Another ground for the dismissal was that the appellant, after filing his said motion, took active steps to have the case postponed. It is true that the appellant made such a motion with the reserve that it should not affect the pending appeal. Such a reserve would perhaps be ineffective if in his appearance to ask for the said postponement no matter of jurisdiction was involved and a submission to the court arose. *Aparicio Bros.* v. *H. C. Christianson & Co.*, 23 P.R.R. 457.

There is force in the theory of the appellee that the defendant-appellant should be considered to have waived the motion for filing away, and hence, his appeal, but we need not base our decision on this ground.

The appellee also said that the appeal was frivolous, on the ground just set forth and maybe others, but the fundamental reason for dismissing the appeal is that the order is not made appealable.

The motion to dismiss should be sustained.