[Civ. No. 1643. Fourth Appellate District.—July 31, 1936.]

LUCILLE M. COLBY, Respondent, v. HARRISON M. PIERCE, Appellant.

Swing & Swing for Appellant.

Everett H. Smith and Miguel Estudillo for Respondent.

JENNINGS, J.—Respondent Lucille M. Colby has moved to dismiss the appeals taken by appellant. The action in which the appeals have been prosecuted was instituted by respondent who filed a complaint wherein she alleged that she had suffered certain personal injuries through the negligence of appellant who was named as sole defendant in the action and whereby she sought to recover compensatory damages for such injuries. To the complaint thus filed appellant interposed a demurrer. No action was taken on the demurrer. At a somewhat later date an amended complaint was filed. To this amended pleading a second demurrer was interposed.

Thereafter, on notice duly given, appellant moved the trial court to dismiss the action. This motion was granted and an order dismissing the action was entered in the court's minutes on February 10, 1936. On the following day on *ex parte* application of respondent the court made and entered in its minutes a second order vacating the prior order dismissing the action. On February 17, 1936, the court made and entered in its minutes a third order denying appellant's motion to dismiss the action. Separate appeals were taken by appellant from the order of February 11, 1936, vacating the prior order dismissing the action and from the order of February 17, 1936, denying appellant's motion to dismiss. By stipulation of counsel these appeals have been consolidated and are presented on a single transcript.

In support of her motion to dismiss the above-mentioned appeals, respondent contends that neither of the orders from which an appeal has been taken is an appealable order and that therefore this court has no jurisdiction to entertain the appeals.

With respect to the two orders from which the appeals have been taken it is evident that the order which is of primary importance is that of February 11, 1936, whereby the court vacated its former order dismissing the action. If the order vacating the prior order of dismissal is valid the subsequent order of February 17, 1936, denying appellant's motion to dismiss the action is not appealable since there is neither a formal judgment of dismissal nor an order providing for dismissal of the action. (Sec. 963, Code Civ. Proc.; *Halsey* v. *Sears*, 90 Cal. App. 306 [265 Pac. 858].)

When consideration is given to the order of February 11, 1936, vacating the order of dismissal it is apparent that the preliminary question to be determined relates to the nature of the order of February 10, 1936, whereby the trial court granted appellant's motion to dismiss the action. Examination of the transcript on appeal fails to disclose a copy of this order. In the bill of exceptions which forms a part of the transcript it is recited that "the court made and entered on and in its minutes its order dismissing said action".

It is the contention of respondent that this order of dismissal is not a judgment and that the subsequent order of February 11th which vacated it is not a "special order made after final judgment" as provided in section 963 of the Code

of Civil Procedure and that, therefore, the order of annulment is not an appealable order. It has been expressly decided adversely to respondent's contention that an order of the character which is here being considered constitutes a final judgment within the meaning of the provisions of the Code of Civil Procedure relating to appeals in the following cases: *Marks* v. *Keenan,* 140 Cal. 33 [73 Pac. 751]; *Dempsey* v. *Underhill,* 156 Cal. 718, 719 [106 Pac. 73]; *Southern Pac. R. R. Co.* v. *Willett,* 216 Cal. 387, 390 [14 Pac. (2d) 526]; *Nelson* v. *Geiss,* 120 Cal. App. 247, 250 [7 Pac. (2d) 720]. The order of February 11, 1936, whereby the trial court vacated its order of the preceding day dismissing the action is therefore clearly a special order made after judgment and is an appealable order. (*Livermore* v. *Campbell,* 52 Cal. 75; *James* v. *Center,* 53 Cal. 31; *Kaufman* v. *Superior Court,* 108 Cal. 446 [41 Pac. 476]; *Storke* v. *Storke,* 111 Cal. 514 [44 Pac. 173]; *Coley* v. *Superior Court,* 89 Cal. App. 330, 335 [264 Pac. 1110]; *Robinson* v. *Southland Produce Co.,* 98 Cal. App. 365 [276 Pac. 1036].)

With respect to the order of February 17, 1936, denying appellant's motion to dismiss the action it is likewise apparent that it is a special order made after judgment and on the authority of the decisions last cited in the preceding paragraph it would appear to be an appealable order. Whether or not the appeal from this order can receive consideration will depend on the validity of the order of February 11, 1936, whereby the trial court vacated its prior order dismissing the action. If, on consideration of the merits of the appeal from the order of vacation, it shall be determined that such order of vacation is valid the appeal from the order of February 17, 1936, must fail, since in that event no judgment or order having the character of a judgment remains in the action. If, however, it be determined that the appeal from the order of vacation is meritorious and that the said order is invalid there is then an order dismissing the action which, under the authority of decisions heretofore cited, constitutes a final judgment and the order of February 17, 1936, denying appellant's motion to dismiss the action is a special order made after judgment and is therefore an order from which an appeal will lie.

Since we are not here concerned with the merits of the appeals and are entitled to consider only the orders them-

selves (*Storke* v. *Storke, supra*), it follows that respondent's motion for dismissal of the appeals must be denied. The record before us shows that an order dismissing the action was entered on the minutes of the trial court and that thereafter the two orders from which these appeals have been taken were made by the court. It is our conclusion that both of these orders were special orders made after judgment and therefore appealable under the provisions of subdivision 2 of section 963 of the Code of Civil Procedure.

For the reasons stated respondent's motion to dismiss the appeals herein is denied.

Barnard, P. J., and Turrentine, J., *pro tem.*, concurred.