[Civ. No. 1643. Fourth Appellate District.—November 20, 1936.]

LUCILLE M. COLBY, Respondent, v. HARRISON M. PIERCE, Appellant.

Swing & Swing for Appellant.

Miguel Estudillo and Everett H. Smith for Respondent.

MARKS, J.—This is an appeal from two orders made by the trial court after it had made and entered an order dismissing the cause for want of prosecution.

The record shows that on November 15, 1933, plaintiff commenced her action to recover damages from defendant, a physician, for malpractice occurring in April, 1933. The defendant appeared by demurrer on November 22, 1933. On October 16, 1935, there was a substitution of attorneys for plaintiff. On January 21, 1936, plaintiff filed her amended complaint. On February 18, 1936, defendant demurred to the amended complaint. No action was taken by either party to bring the first demurrer on for hearing.

On January 26, 1936, defendant served a notice of motion to dismiss the action for lack of prosecution under the provisions of section 583 of the Code of Civil Procedure. Supporting affidavits were served with the notice of motion. On February 4th plaintiff served counter-affidavits in opposition to the motion. The motion to dismiss was heard, argued by counsel for both parties, and submitted on February 10th. It was granted by the trial judge and the order of dismissal was entered on the minutes the same day. On February 11, 1936, without notice to defendant or his counsel or the presence of either of them in court, the trial judge vacated his order of February 10th dismissing the action, and reopened the case for further hearing. On February 11th the clerk of the court notified both parties of the order made that day, and that the motion to dismiss and the demurrer had been set for hearing on February 17, 1936. On February 17th the motion to dismiss was denied and the demurrer ordered placed on the law and motion calendar of February 24, 1936. Defendant has appealed from the order of February 11, and

the order of February 17, 1936. Both appeals are presented on a single record. No appeal was taken from the order of February 10th, and it is not before us for review.

It is now the settled law in California that where an action is dismissed under the provisions of section 583 of the Code of Civil Procedure (and the provisions of certain other sections of the same chapter of that code) the order of dismissal is the judgment in the case and becomes effective for all purposes when entered upon the minutes of the court. (*Southern Pacific R. R. Co.* v. *Willett,* 216 Cal. 387 [14 Pac. (2d) 526]; *Finch* v. *Ekstrom,* 115 Cal. App. 381 [1 Pac. (2d) 516]; *King* v. *Superior Court,* 12 Cal. App. (2d) 501 [56 Pac. (2d) 268]; *Long* v. *Superior Court,* 14 Cal. App. (2d) 753 [58 Pac. (2d) 952]; *Colby* v. *Pierce,* 15 Cal. App. (2d) 723 [59 Pac. (2d) 1046].) The last-cited case was a motion to dismiss the appeal in the instant case and probably establishes the law of the case in so far as the question of the order of February 10, 1936, constituting the final judgment in the action is concerned. The authorities just cited firmly establish the rule under which it must be held that the order of February 10th was a final judgment as it was entered on the minutes of the court.

The cases of *Robinson* v. *Southland Produce Co.,* 112 Cal. App. 106 [296 Pac. 303], and *Fisch & Co., Ltd.,* v. *Superior Court,* 6 Cal. App. (2d) 21 [43 Pac. (2d) 855], are authority for the conclusion that a judgment of dismissal once having been entered cannot be vacated in the manner attempted by the trial court in the instant case. The order of dismissal having been made and entered it became a final judgment. Even though it was an erroneous judgment it was not void on its face. The trial court had jurisdiction to make it. It expressed and carried into effect the purpose and intent of the trial court of that date. Although it was an erroneous judgment it was regularly rendered and entered and could only be attacked in one of the ways recognized by law and could not be vacated by an *ex parte* order of the trial judge and without notice to the parties. (*Stevens* v. *Superior Court,* 7 Cal. (2d) 110 [59 Pac. (2d) 988].)

The case of *Egan* v. *McCray,* 220 Cal. 546 [31 Pac. (2d) 1041], does not conflict with the conclusions we have reached. In that case the order of dismissal was not made under any of the provisions of the Code of Civil Procedure pertinent

to the instant case (secs. 581 to 583, Code Civ. Proc.), and the Supreme Court was there of the opinion that a judgment had not been entered.

The order of the trial court made on February 11, 1936, and the order made on February 17, 1936, are both reversed.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 18, 1937.