[L. A. No. 20750.   In Bank.   Feb. 1, 1949.]

GRACE GWINN, Appellant, v. ROBERT E. RYAN, Respondent.

E. P. Mulholland for Appellant.

Forgy, Reinhaus & Forgy and Fred Forgy for Respondent.

GIBSON, C. J.—This is a motion to dismiss an appeal on the ground that the notice of appeal was not filed within the time specified in rule 2 of the Rules on Appeal.

Plaintiff brought an action for damages for personal injuries allegedly sustained by her on February 8, 1942, as the result of defendant's negligence in operating his automobile in which she was a passenger. Her complaint was filed on February 3, 1943, while defendant was in the United States Navy, where he remained until October 25, 1945. She alleged in an affidavit (pursuant to section 525 of the Soldiers' and Sailors' Civil Relief Act [54 Stats. 1181; 50 U.S.C.A. App.]) that she was unable to ascertain the whereabouts of defendant for the purpose of obtaining service of summons upon him until October 5, 1946. Following the service on that date defendant appeared specially and moved that the action be dismissed pursuant to section 581a of the Code of Civil Procedure on the ground that the summons had not been served for more than three years after its issuance. In supporting affidavits he averred that until the date of his discharge from the Navy he had been in different ports in this state except for the period from June 9, 1945, to October 19, 1945.

On February 14, 1947, the court granted defendant's motion, and the clerk entered the following in the minutes: ''Motion

to dismiss. Motion granted." The minute order did not contain a direction that a written order or judgment be prepared or filed. On March 19, however, a writing entitled "judgment of dismissal," reciting the grounds on which the action had been dismissed, was presented, signed and filed. On May 15, plaintiff filed a notice of appeal from this *"judgment of dismissal."* Thus, the notice of appeal was filed within 60 days of the filing of the written judgment but more than 60 days from the entry of the minute order.

Rule 2 of the Rules on Appeal, on which defendant's motion is based, provides as follows:

"(a)  Except as otherwise specifically provided by law, notice of appeal shall be filed within 60 days from the date of entry of the judgment, unless the time is extended as provided in Rule 3.

"(b)  For the purposes of this rule: (1) The date of entry of judgment shall be the date of its entry in the judgment book. (2) The date of entry of an order which is entered in the minutes shall be the date of its entry, unless the entry in the minutes expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of filing of the signed order. . . ."

The question is whether the minute entry of the granting of the motion to dismiss was the "entry" which started the time for appeal running. This depends upon whether the trial court could make its decision by a minute order or whether it could act only by making a formal written order or judgment. The problem is one of trial court procedure, independent of the Rules on Appeal, since rule 2 prescribing the time to file notice of appeal does not come into operation until there is an appealable judgment or order. (See *Guardianship of Leach,* 29 Cal.2d 535, 540 [176 P.2d 369] ; *Hirschberg* v. *Oser,* 82 Cal.App.2d 282, 286-287 [186 P. 2d 53] ; 35 Cal.L.Rev. 477, 480.) Accordingly, we must determine if the minute order granting the motion to dismiss was an appealable order.

Section 581 of the Code of Civil Procedure provides that dismissals for grounds therein stated are effective for all purposes when entered in the minutes. Section 581a, under which the present dismissal was made, does not contain such a provision, but it is well settled that "In all dismissals of actions, whether made under sections 581, 581a, 581b or 583 of the Code of Civil Procedure, the minute order of the court constitutes a final judgment from which an appeal must

be taken. . . . Nor does the fact that a formal judgment was entered in the judgment-book thereafter suspend or toll the time for appeal.'' (*Southern Pac. R. R. Co.* v. *Willett,* 216 Cal. 387, 390 [14 P.2d 526]; see, also, *Howe* v. *Key System Transit Co.,* 198 Cal. 525 [246 P. 39]; *Consolidated Const. Co.* v. *Pacific E. Ry. Co.,* 184 Cal. 244, 249-251 [193 P. 238]; *Dempsey* v. *Underhill,* 156 Cal. 718 [106 P. 73]; *Colby* v. *Pierce,* 17 Cal.App.2d 612 [62 P.2d 778]; *Nelson* v. *Geiss,* 120 Cal.App. 247 [7 P.2d 720].) The rule has never been questioned on principle or as a matter of practice. It is consistent with the practice in nonsuits, a similar form of statutory dismissal (see *Wulfjen* v. *Dolton,* 24 Cal.2d 878, 879-880 [151 P.2d 840]; *McColgan* v. *Jones, Hubbard & Donnell, Inc.,* 11 Cal.2d 243 [78 P.2d 1010]; Code Civ. Proc., § 581), and has recently received legislative approval and clarification.*

The case of *Egan* v. *McCray,* 220 Cal. 546 [31 P.2d 1041], relied upon by appellant, did not involve a dismissal for lack of prosecution, and it is not controlling here. The opinion in that case expressly recognized the rule that a minute order dismissing an action under section 581 is a final determination of the cause, and, as we have seen, this court has construed minute orders made under sections 581a, 581b and 583, as well as 581, as constituting final judgments from which appeals must be taken. (*Southern Pac. R. R. Co.* v. *Willett,* 216 Cal. 387 [14 P.2d 526].)

The dismissal herein was effectively made by the minute order of February 14, 1947, and the 60-day period commenced to run from that date under rule 2(b)(2).

The motion to dismiss the appeal is granted.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied February 28, 1949.

---

*See Code of Civil Procedure, section 581d, which was not in effect at the time of this appeal, providing that: ''. . . All dismissals ordered by the court shall be entered upon the minutes thereof, or in the justice's docket, as the case may be, and such orders when so entered' shall constitute judgments and shall be effective for all purposes. . . .''