[Civ. No. 16345.   First Dist., Div. One.    May 23, 1955.]

JULIUS NEUSTADT, Appellant, v. JOSEPH SKERNSWELL et al., Respondents.

Joseph A. Brown for Appellant.

Marcel E. Cerf, Robinson & Leland for Respondents.

WOOD (Fred B.), J.—The main question is whether or not this action, commenced October 31, 1950, is barred by the statute of limitations.*

Plaintiff seeks his alleged share of a sum of money which represents the proceeds of the sale of real property which stood in the name of defendant Skernswell but in which plaintiff claims to have had a one-half interest.

The sale was conducted pursuant to an interlocutory decree in a suit for the partition of said real property which plaintiff brought against defendant Skernswell in 1940. After said sale, the interlocutory decree was reversed upon appeal. (*Neusted* v. *Skernswell* (May 29, 1945), 69 Cal.App.2d 361 [159 P.2d 49]. The remittitur went down July 31, 1945.) Later, in September, 1949, the partition suit was dismissed for lack of prosecution, the dismissal being affirmed upon appeal. (*Neustadt* v. *Skernswell* (August 31, 1950), 99 Cal. App.2d 293 [221 P.2d 694].)

The trial court has correctly found that the cause of action pleaded by the plaintiff herein is predicated upon the cause of action set forth in the partition suit. Plaintiff does not challenge that finding.

*The trial court found it was barred by the following sections of the Code of Civil Procedure: 336 (subd. 1), 336 (subd. 2), 337 (subd. 1), 338 (subd. 4), 339 (subd. 1), and 343.

Accordingly, we start with the premise that plaintiff's cause of action, if any he has, arose at least as early as the date of the filing of the partition suit, May 29, 1940, 10 years and five months prior to the filing of the present action. Plaintiff has advanced four theories for the tolling of the statute.

The referee and receiver appointed by the court to conduct the sale deposited the down payment with a bank, in his name as referee and receiver. The remainder of the purchase price was paid in escrow to a title company, which still holds it.

As to the latter amount, plaintiff claims section 348 of the Code of Civil Procedure applies, which declares there is no limitation to an action "brought to recover money or other property deposited with any bank, banker, trust company, building and loan association, or savings and loan society." But this is not such an action, even if we assume that the title company in question is the kind of financial institution which comes within the purview of section 348. This is an action to declare a resulting trust or for the partitioning of funds held by the title company as a mere stakeholder. It is not an action to recover money or other property deposited with a bank, within the meaning of section 348. (See *Bell* v. *Bank of California*, 153 Cal. 234, 242 [94 P. 889].) Indeed, the title company is not even a party to this action.

Next, plaintiff claims this is an action against the referee and receiver as an officer of the court; that as such trustee he has not repudiated or disavowed his trust; hence, the statute has not commenced to run. That is not the nature of the action. Plaintiff's rights, if any, to a portion of the funds in the hands of the referee stem back to an earlier transaction which assertedly made defendant Skernswell a constructive trustee of the real property in question. And plaintiff in his third amended complaint, filed October 2, 1946, in the partition suit, alleged that Skernswell, on or about January 1, 1940, "repudiated and denied that plaintiff had any right, title or interest in or to the said real property or any part thereof . . ."

All this time, says the plaintiff, the money in suit has been *in custodia legis* which tolls the statute. It is not the law that the mere appointment of a receiver and his taking custody tolls the statute of limitations. The latter occurs only when the receivership function is of such a nature

as to prevent the maintenance of independent litigation over the subject matter, as in the case of the dissolution of a partnership and the winding up of its affairs. (See *People* v. *California S. Deposit etc. Co.*, 41 Cal.App. 727, 731 [183 P. 289]; 34 Am.Jur. 198, *Limitation of Actions* § 241.) This was not such a receivership. And before plaintiff can establish a right against this receiver he must establish a cause of action against defendant Skernswell. The enforcement of that cause is barred.*

Finally, plaintiff contends that Skernswell waived the defense of the statute. It appears that in view of the pendency cf Skernswell's appeal from the interlocutory decree in the former action and for the purpose of giving the purchaser of the real property title thereto, the parties executed an agreement and a supplemental agreement whereby Skernswell agreed to quitclaim to the purchaser without prejudice (as between him and the plaintiff) to any of his rights, remedies and objections in the then pending action, including his appeal. Plaintiff quotes paragraphs "3" and "5" of the agreement,† claiming that paragraph "5" tolled the statute. Defendant contends that the statute of limitations cannot be waived in an action for tort. ■ Assuming, however, that a waiver is effective in a tort action (see *Atlas Finance Corp.* v. *Kenny* (1945), 68 Cal.App.2d 504, 515 [157 P.2d 401]), we find nothing in the agreement in any way indicating an intent to waive the statute of limitations.

■ Plaintiff says the court should not have awarded Skernswell the money on deposit (the balance remaining after an award of $500 for compensation of the referee and receiver) because the judgment, based as it was upon the bar of the statute of limitations, had no foundation in the evi-

---

*If we assume the suit filed in 1940 was timely, section 355 of the Code of Civil Procedure would at most toll the statute until one year after reversal of judgment for the plaintiff in that suit, if we may also assume that section 355 applies to the reversal of an interlocutory judgment. That reversal was effective July 31, 1945.

†These paragraphs read as follows: ''3. The proceeds of said sale be held by Title Insurance & Guaranty Co. in escrow until the final determination of all actions and proceedings now or hereafter pending in said action, Second Party reserving all objections as to the correctness of the amount of said proceeds, as hereinafter provided.''

''5. The execution of all orders and judgments in favor of First Party shall be stayed during the pendency of any of said proceedings, and First Party consents to refrain from execution of any thereof, and said funds shall not be disbursed until an order or judgment directing disbursement shall become final, and then said funds shall be disbursed in accordance with such order or judgment, and this agreement.''

dence for determination of title to the fund. He overlooks the findings that prior to the sale in 1942 Skernswell was the record owner of the real property; that the moneys in question are the proceeds of the sale of that property; that the partition suit was dismissed (such dismissal being a final judgment, *Nelson* v. *Geiss*, 120 Cal.App. 247, 250-251 [7 P.2d 720]); and that the present action is predicated upon the former. Under these circumstances we see no basis for plaintiff objecting to the award to Skernswell.

Plaintiff also asserts error in the award of $500 to the referee-receiver. He has furnished no reason, no basis in fact or in law, for this assertion, and we find no merit in it.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 20, 1955.