[Crim. No. 2638.   Third Dist.   Nov. 19, 1956.]

THE PEOPLE, Respondent, v. EVERETT LAWRENCE
HUBBARD, Appellant.

David N. Dale, under appointment by the District Court
of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and
G. A. Strader, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—Appellant was convicted after a trial by jury of four counts of incest. He appeals from the judgment entered. He also purports to appeal from an order denying his motion for a new trial. The record discloses that no such motion was made. Therefore, the purported appeal therefrom is hereby dismissed.

Count One of the information accused appellant of incest with his daughter Alice on or about September 28, 1953, and Count Four charged him with a similar act with Alice on or about September 1, 1953. Count Two accused him of a similar act with his daughter Carolyn on or about September 22, 1953, and Count Three accused him of a similar act with Carolyn on or about September 10, 1953. At the time the acts were alleged to have occurred Carolyn was 20, Alice was 16.

On October 16, 1953, appellant entered a plea of not guilty on all four counts. His trial was set for December 7, 1953. He was released on bail. He failed to appear on the trial date, and his bail was forfeited. On March 18, 1955, he was apprehended and committed to jail to await trial. On March 25, 1955, he appeared in court and was informed of his legal rights. He waived counsel. Trial was set for May 2d, with the jury to be selected on April 22d. When the court convened for the purpose of selecting a jury, appellant was again advised of his legal rights and informed that he might give a list of the names and addresses of any persons he might desire to have subpoenaed as witnesses to the clerk. Thereafter, the case was called for trial as set. Appellant was not represented by counsel and acted in his own behalf. He was convicted as stated, and judgment was pronounced that he be confined for the term prescribed by law on each of the four counts, and that the four sentences were to run consecutively. Counsel was appointed by this court to represent appellant on his appeal and has filed briefs in support of various contentions advanced.

Alice lived with appellant and her stepmother at Willits in Mendocino County. She testified that she had sexual intercourse with her father over a course of several years and until he was charged with incest; that she had sexual intercourse with her father on September 28, 1953, which was the day her father was arrested and which was one of the days counted upon by the People in the accusation; and that she had engaged in a similar act about a month previously, which would be about September 1, 1953, as charged. Carolyn testified that she came to live with her father and

stepmother in January of 1953 and that her father commenced having relations with her about four months after she arrived. She also said she had sexual intercourse with him about a week before she made the complaint against him, that is, about September 22, 1953; and about September 10, 1953. Both girls testified that they were made to watch while their father had intercourse with the other, and that these acts occurred during the Easter vacation while their stepmother was away. The stepmother testified that appellant often slept with Alice. Appellant took the stand in his own behalf and did not expressly by his testimony deny that he committed the acts with which he was charged.

Appellant makes four assignments of error: (1) that he was denied an opportunity to present evidence of a material nature; (2) that he was misled in his defense by the allegations in the various counts as to the exact date upon which he was charged with having performed acts of intercourse with his daughters; (3) that he was prejudiced by remarks made to the jury by the district attorney in his argument; and (4) that a perusal of the entire transcript of oral proceedings shows that the trial was productive of many hearsay statements and many conclusionary statements by witnesses, and that on the whole he did not have a fair trial.

One count charged that appellant had performed an act of intercourse with Carolyn on or about September 10, 1953. The appellant testified that on the 9th he and Carolyn left Willits and stayed that night with appellant's mother; that they spent the night of the 10th at the Hotel Dalt in San Francisco; that one Helen Burg accompanied the two on that trip. He said he would have liked to have had Helen Burg brought to the trial and to have presented the registration records of the Hotel Dalt. He argues that such evidence would have impeached the credibility of the prosecution witnesses and substantiated his defense. Carolyn had testified that the act charged on or about September 10th had occurred in Willits. There were other matters which he argues he ought to have been entitled to present, and that he had not been furnished with fair opportunity to do so. It appears that an attorney was appointed to represent him at some time prior to the trial, and that this attorney engaged in the work of preparing a defense, having several consultations with appellant; that appellant became distrustful of him and succeeded in having him withdraw from the case, after which he proceeded alone. He discussed these matters while on the

stand in his own defense. He said he came to distrust his attorney because he found that his wife could tell him things that he and his attorney had talked about in their conferences, and he seemed to think that this necessarily involved a breach of ethics on the part of the attorney. He also said he did not trust the sheriff to serve subpoenas and concluded by asserting his mistrust of the trial judge as a reason why he did not speak of his distrust of the sheriff in the matter of subpoena service. ■ A similar situation was discussed in *People* v. *Lamb,* 133 Cal.App.2d 179, 185 [283 P.2d 787], in the following language:

"... Litigants who are ignorant of both law and procedure and are, consequently, of little value to the courts in clarifying issues presented by the pleadings, are real impediments to the proper administration of justice. Having lost confidence in themselves they trust no one else. They should be advised that a court cannot pin gold medals on their lapels merely because they obstruct procedure or belatedly plead for time to do, or have done, such menial tasks as having their witnesses subpoenaed. Of course, any person accused of crime has a right to defend himself but that right does not entitle him to abuse the patience of courts or to infringe upon the rights of others."

We have examined the entire record with care, and it is our view that this assignment of error finds no support therein.

■ Appellant claims to have been misled in his defense by variance between the pleadings and the proof. It is true that the exact dates upon which the charged acts were alleged to have taken place were not proved with complete exactitude. However, such proof was not necessary. The proof made brought the offenses so close to the exact dates charged as to meet the requirements of correspondence between pleading and proof. If appellant was misled, it was simply one more risk which he undertook when he refused counsel. Counsel would not have been misled. There is no merit in this assignment.

■ In his argument the district attorney told the jury that, though the pleading had charged the four acts had taken place on or about certain dates, the phrase "on or about" meant within a reasonable period of time one way or another from the stated dates; and that if they believed that the acts occurred within such limits as to exact time, the prosecution had made out its case. The court charged the jury as follows:

"You are not permitted to deliver a verdict of guilty on Count One, unless you find that he committed the specific offense with Alice June Hubbard on or about September 28, 1953, as charged in said Count One, . . ." Similar instructions were given as to the other counts. The appellant argues: "Nowhere did the court define the term 'on or about' any more particularly than the instruction mentioned above, which left its meaning for the jury to decide." We think there was no conflict such as would in any wise confuse the jury between the statement of the district attorney and the instruction of the court, and we think that in the absence of a request for a more specific definition of the term "on or about" the court was not obliged to instruct further than it did. We think the jury understood the court's instruction properly and were convinced that the proof had established the charged acts occurred and that they occurred so closely to the dates alleged as to establish identity between the acts charged and the acts proved. There is no merit in this contention.

Finally, appellant contends that the record shows so many hearsay and conclusionary statements by witnesses as to amount to the denial of a fair trial. It is easy enough to excuse appellant, ignorant as he appeared to be of legal procedure and of the rules of evidence, for not making objections to any hearsay testimony or conclusions given or stated by witnesses. But once again, he assumed the risk that some statements of that nature might come into the case and a cursory reading of his own testimony shows that he was persistent himself in arguing his case as he testified; in attempting to fill the record of his testimony with hearsay; and even in debating conclusionary statements and his right to make them with the trial judge, who endeavored persistently and patiently throughout to protect his rights and yet to have the case go forward to its conclusion notwithstanding the inconvenience of having to try a defendant who had insisted upon defending himself. The assignment of error is not borne out by the record. Incidentally, it may further be said that a reading of the record shows that many times the trial court, where opportunity to do so was given, struck out or prevented the introduction of evidence of hearsay and conclusionary statements. The record also shows that on some occasions the district attorney himself moved that such statements emanating from a witness and nonresponsive to a direct question be stricken. We have examined the record and have concluded therefrom that a fair trial was afforded

to appellant, that his guilt was clearly proved, and that there is no error in the record.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.