[Civ. No. 6069. Fourth Dist. Dec. 16, 1959.]

THOMAS H. GLAZE et al., Appellants, v. THE VISALIA IMPROVEMENT ASSOCIATION (a Corporation) et al., Respondents.

Robert Stevenson for Appellants.

Walter G. Haight and Leonard M. Ginsburg for Respondents.

THE COURT.—This is a motion to dismiss an appeal on the ground that the notice of appeal was not filed within 60 days after entry of an order dismissing the action. On August 6, 1958, plaintiffs Thomas H. Glaze, et al., filed an action in the Superior Court in Tulare County against the Visalia Improvement Association, et al., for an accounting, removal of trustee and other relief.

The records of the county clerk of Tulare County show that the following order was made on April 15, 1959, and entered in the minutes of the superior court:

"SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF TULARE

April 15, 1959
Hon. W. G. Machetanz, Judge
Cletis V. Bonnett, Clerk

"Thomas H. Glaze, et al,
                    Plaintiffs,

vs.                                     No. 51510

Visalia Improvement Association, et al,
                    Defendants.

"Upon considering defendant's motion to dismiss this action and the arguments of counsel, it is ordered that said action and the first amended complaint filed herein be dismissed as to all defendants."

The register of actions kept by the county clerk contains the following entry: "April 15, 1959—Motion to dismiss granted, Book 51, page 129." The records of the county clerk also show that a judgment of dismissal in said action was filed on April 20, 1959, and entered on April 21, 1959; that an order amending the judgment of dismissal by adding the name of another defendant and ordering that defendants recover costs was filed April 22, 1959, and entered April 23, 1959; that no notice of intention to move for a new trial was filed and that notice of

appeal was filed by the attorney for plaintiffs and appellants on June 18, 1959.

Plaintiffs in their notice of appeal gave notice that they appealed:

". . . from the Judgment of Dismissal filed herein on April 20, 1959, and entered on April 21, 1959, in Book 81, Page 377, of Judgments, and from the Order Amending Judgment of Dismissal filed herein on April 22, 1959, and thereafter, on April 23, 1959, entered herein in Book 81, at Page 392, of Judgments, and from both of them, and from the whole of each of them."

In opposition to the motion to dismiss, appellants have filed herein a declaration signed by the county clerk in which he states, *inter alia,* that the minute order of April 15, 1959, was entered in Book 51, at page 129, of the permanent minutes of the superior court, but that the order was not entered on that date and that he has been unable to ascertain when said minute order was actually entered. Appellants have not directed our attention to any decisions holding that this court may change, correct or add to the minutes kept by the county clerk, and we conclude that application for such action should have been addressed to the trial court. Furthermore, the record shows that appellants did not appeal from the order dismissing the action made on April 15, 1959. Their appeal is from the judgment of dismissal subsequently entered and the notice of appeal specifically describes the judgment from which the appeal is attempted to be taken.

Section 581d of the Code of Civil Procedure provides as follows:

"A written dismissal of an action shall be entered in the clerk's register or in the docket in the justice court, as the case may be, and is effective for all purposes when so entered.

"All dismissals ordered by the court shall be entered upon the minutes thereof or in the docket in the justice court, as the case may be, and such orders when so entered shall constitute judgments and be effective for all purposes, and the clerk in superior and municipal courts shall note such judgments in his register of actions in the case."

In *Gwinn* v. *Ryan,* 33 Cal.2d 436 [202 P.2d 51], it was held that a minute order of the trial court dismissing an action pursuant to section 581a of the Code of Civil Procedure is a final judgment and the time for appeal therefor runs from the entry of such minute order, not from a judgment of dismissal subsequently filed. The dismissal herein was effectively made

by the minute order dated April 15, 1959, and since no appeal was taken from that judgment, it has become final.

The motion to dismiss the appeal is granted.

Appellants' petition for a hearing by the Supreme Court was denied February 10, 1960.